The opinion of the Court was delivered by
Parsons, C. J.
Upon considering the evidence and arguments in this case, we are satisfied that the facts laid before the jury are much too imperfect to enable us to form a correct opinion on the merits of the cause.
The defendant ought to have proved a bond fide assignment of the note for a valuable consideration, especially when there is. reason, from the plaintiff’s examination which the defendant produced in evidence, to suspect fraud in the transaction.
The plaintiff, if in fact he has satisfied the judgment, as he now alleges, should have given some evidence of it, or if he had not, he might have assigned a reasonable cause for it, that all suspicion of collusion might have been removed. But as the judgment cannot be presumed collusive without some evidence, it must have been inferred by the Court that there was no assignment by Walker. For if such assignment had been admitted, no part of the [ * 212 ] note would have been due to him, the equitable * interest of the note being in Herring, and the plaintiff could not have been adjudged trustee.
We do not consider that a stranger to the suit, in which a trustee is examined, is concluded by the examination from proving that there were other facts within the knowledge of the trustee, which he did not disclose, or that there was collusion between him and the plaintiff or defendant in such suit. But when a party in a suit will produce the examination of a trustee as evidence of his confession, he ought to be bound by it. As therefore there was no evidence of any assignment of the note, and as the legal effect of the judgment against the plaintiff as trustee might.have been mistaken, we are satisfied that the justice of the case requires a new trial, in .which each party may come prepared for a more perfect investigation of all the facts, which are relative to the merits of the cause.
Let a new trial be granted, but without costs to be paid by the plaintiff, as it appears that there was a defect in the evidence produced to maintain the defence. If the defendant should, on the new trial, recover upon the merits, he may then tax the costs of this trial.