Curia.

It must be competent for the principal in any action, whose debtor attempts to discharge himself, by showing that he has paid on a trustee process, or that he had discharged himself from that action upon oath, to prove that the debt still remains due.
Otherwise he is placed entirely in the power of his debtor, who may cancel his debt by his own declaration. The remedy by indictment for perjury is the only one which the summoning creditor has, because he cannot have evidence to substantiate the debt. This defence amounts, in fact, to payment, which may be disproved by the plaintiff, (a)
But the circumstances sufficiently show that the defendant had fairly cleared himself. The agreement with Groves, and the consequent payment of Groves’s note given for the purchase of the land, is a payment of the note sued in this action; and the circumstances of the assignment were fully left to the jury, and have been decided by them. (b)

Judgment on the verdict.

 Vide Winthrop vs. Carleton, 8 Mass. Rep. 456. — Foster vs. Jones, 15 Mass. Rep. 186.—Perkins vs. Parker, 1 Mass. Rep. 117.— Wood vs. Partridge, post, 488. — Hull vs. Blake, 13 Mass. Rep. 153. — Parker & Al. vs. Danforth & Trustees, 16 Mass. Rep. 304. —Andrews vs. Herring, 5 Mass. Rep. 210. — Thorndike vs. De Wolf & Trustees, 6 Pick. 120. — Kidd vs. Shepherd, 4 Pick. 238. — Williams & Al. vs. Marston, 3 Pick. 65.

 Dix & Al. vs. Cobb, 4 Mass. Rep. 508 — Gould vs. Newman, 6 Mass. Rep. 239. — Parker & Ux. vs. Grant, ante, 157. — Wood vs. Partridge, post, 488. — Dennie vs. Hart 2 Pick. 204.