### ROYAL WALLACE *vs.* LUTHER BLANCHARD, *trustee of* DANIEL HOPKINS.

In a foreign attachment the principal, having from the plaintiff a release of all the debt due to the plaintiff, except so much as may be found in the hands of the trustee, is a competent witness for the plaintiff, on the trial of the issue between the plaintiff and the trustee.

In this case, the issue joined between the plaintiff and the trustee was, whether the latter had in his hands any goods, effects, or credits, of *Daniel Hopkins.* This issue was tried here at October term, 1825, when the plaintiff called the said *Hopkins,* who had been defaulted, as a witness, to maintain the said issue on his part. The trustee objected to his admission as a witness, on the ground of interest ; whereupon a release, made by *Wallace,* in the following words, was produced and proved.

Wallace
*vs.*
Blanchard.

" Know all men by these presents, that I *Royal Wallace,* " of Milford &c. do for myself. &c. forever release and dis- " charge *Daniel Hopkins* of the same Milford, blacksmith, " his heirs, &c. from his or their liability to pay a certain " promissory note, dated, &c. on which note a suit is now " pending, in my name. in the superior court, &c. and from " his or their liability to pay any judgment, which shall or " may be recovered thereon, or any part thereof, except so " much as, on trial of said suit, may be found in the hands of " said *Luther*, as trustee, as aforesaid.

" Witness my hand, &c.

" ROYAL WALLACE, and seal."

But the trustee still objected, that *Hopkins*, being a party to the suit, was not a competent witness ; and he was not admitted as a witness. The plaintiff then offered to read in evidence, to the jury, the deposition of the said *Hopkins'* wife, taken after the said release was executed, which was also rejected. And the jury having returned a verdict for the defendant, the plaintiff moved the court to grant a new trial, on the ground, that the testimony of said witnesses had been improperly excluded.

*S. K. Livermore*, for the plaintiff.

*Sawyer*, for the trustee.

The opinion of the court was delivered by RICHARDSON, C. J.

We shall, in the first place, examine the question, whether *Daniel Hopkins* was a competent witness for the plaintiff, in this case.

The general rule is, that no party to an action can be examined as a witness, without the consent of all the parties to the record. This is the rule, laid down in *Mant vs. Mainwaring*, 8 *Taunt.* 139 ; where, in an action against several defendants, upon a special agreement, it was necessary to prove the partnership of all the defendants ; and the plaintiff gave to one of the defendants, who had been defaulted, a release of all actions and causes of action, except the action before the court, and then called that defendant as a witness ; but he was held not to be competent, without the consent of

the other defendants ; because he was a party to the suit. 10 *Johns.* 95, *The people vs. Bill.*—16 *Mass. Rep.* 116, *Fox vs. Whitney.*

There are, however, exceptions to this rule. For it has been decided, that one of several plaintiffs may, if he will consent, be called as a witness for the defendant. 1 *Taunt.* 378, *Norden vs. Williamson et a.* This exception rests on the ground, that, if the plaintiff called as a witness had made a declaration favorable to the defendant, out of court, evidence of that declaration would have been admissible, and that the proof was not less credible than that, where the plaintiff came into court and declared the same thing on oath.

So it has been decided, that, in some actions, where there are several defendants, and the plaintiff offers no evidence against some of them, those, against whom there is no evidence, may have a verdict in their favor, and then be competent witnesses for the other defendants. 1 *East* 312, 313.— *Phillips' Ev.* 61.—15 *Johns.* 223, *Van Deusen vs. Van Slyck.* — 14 *ditto* 119, *Brown vs. Howard.*—10 *Johns.* 21.

This exception to the general rule is a very reasonable one. For with respect to the defendants, who have a verdict in their favor, the suit may be considered as at an end. But there is a still better reason for the exception. Without such an exception, a plaintiff might, in many cases, deprive a defendant of his most important witnesses, by making them joint defendants.

Where, in an action against two, one pleaded bankruptcy, and the plaintiff entered a *nol. pros.* as to him, it was held, that he was a competent witness for the other defendant. 2 *B. & C.* 558, *Moody vs. King et a.* But in this case, the suit was at end with regard to the witness.

And the practice, in this state, of permitting a plaintiff, in certain cases, and under certain limitations, to testify in relation to his book of accounts, in his own cause, must also be considered as an exception to the general rule.

This is believed to be the utmost extent, to which the exceptions to the general rule have been carried, in any well considered adjudication. There are, however, some *nisi*

*prius* opinions, which seem to have pushed these exceptions somewhat farther. Thus in *Wara vs. Hayden et a.* (2 *Esp. N. P. C.* 552.) *Lord Kenyon* is reported to have held, that in an action against two, one, who had been defaulted, was a competent witness for the other defendant. But it is by no means clear, that this is law. 10 *Johns.* 95, *The people vs. Bill* —5 *Esp N. P. C.* 154, *Rex vs. Lafone et a.*—1 *Strange* 633, *Rex vs. Fletcher.*

And in *Doe vs. Green et a.* (4 *Esp. N. P. C.* 198,) *Lord Ellenborough* is said to have held, that in ejectment against two defendants, one, who had been defaulted, was a competent witness for the plaintiff, against the other defendant. But this opinion has been questioned. 6 *Binney* 319, *Bostwich vs. Lewis, and see* 4 *Taunt.* 752, *Brown vs. Brown,* and the opinion of *Park J.* 7 *Taunt.* 607.

Such being the rule, and such its limitations, it remains to inquire, whether *Hopkins*, who was rejected as a witness in this case, was, in relation to the issue tried between the plaintiff and the trustee, a party within the meaning of the rule ; and if he were, then whether this cause is to be governed by the rule, or comes within some exception. In this enquiry, we must examine attentively our process of foreign attachment, strip it of its forms, and see what it is in truth and in reality.

This process against a principal debtor and his trustee in fact embraces, in one writ, always at least two distinct suits, on two distinct causes of action, between different parties ; and the object of the plaintiff is, to obtain, at least, two distinct judgments. The object of one of these suits is a judgment against the principal debtor in favor of the plaintiff, upon a declaration in the usual form. To this suit, the plaintiff and the principal debtor are the only parties. The trustee is as much a stranger to it, as if his name were not in the writ. It is true, that the statute declares, that he may be admitted to defend for the principal ; but that cannot make him, what is technically called, a party to the suit. Strangers may be, and often are permitted to defend suits ; but this has never been supposed to make them parties in such a sense,

as to exclude them as witnesses; provided they had no interest in the suits.

The object of the other suit, embraced in this process, is a judgment against the trustee, for the amount of the debt due from him to the principal debtor. To this suit, the plaintiff and trustee are the only parties. The principal debtor is a stranger to this suit. It has been decided, that a judgment in favor of the trustee, in this suit, does not bind the principal debtor; but he may, in an action in his own name, still show, that there was a debt due to him. 11 *Mass. Rep.* 334. This could not be, if he were properly a party to the suit between the plaintiff and the trustee; because he would, in that case, be bound by the judgment. So it has been decided, that the principal cannot, in general, bring a writ of error for any irregularity in the proceedings against the trustee. 9 *Mass. Rep.* 532, *Whiting vs. Cochran.* Indeed the principal, in this case, seems to stand in the same relation to the suit against the trustee, as the principal, who has been bailed, does to a *scire facias* against the bail; or the plaintiff, who has procured his writ to be endorsed, does to a *scire facias* against the endorser. The difference of the cases seems to be only in the form of the process, which brings them into court. In the case of bail, and of endorsers, the process is several. Here the principal and trustee come into court upon a common process; but, the moment they are in court, their cases become entirely distinct; the ground of action, the pleading, the evidence, the judgment, are as separate as they can be, in two distinct actions. A statute lately passed, affords another happy illustration of this view of the case.

By the statute of July 2, 1825, it is provided, that two or more several debtors, of the principal debtor, may be summoned as trustees, in one writ, and that judgment may be rendered for or against such trustees severally. 3 *N. H. Laws* 80. In this case, where two or more are summoned as trustees, severally indebted to the principal debtor, the process divides itself into as many distinct suits, as there are trustees, each of whom is a stranger to the process, so far as

respects the rest, as much, as if there had been a separate process against each. Each stands on his own peculiar ground of defence, without any interest whatever in the event of the suit against the others. Those, who are charged, are charged severally by several judgments ; and those, who are discharged, have distinct and separate judgments for their costs. Nothing can be more distinct and several than the case of each trustee and the interest of each trustee. And we are unable even to conjecture, on what ground they could be held to be incompetent witnesses, for or against one another.

Finding then, as we do, in our foreign attachment several distinct suits, under one and the same process, it seems to us to be our duty, in settling the question now before us, to regard not the mere form of the process, but the real nature of the several suits between the several parties. And we are of opinion, that, when the case is thus viewed, the principal cannot be considered as a party to the suit, against the trustee, in such sense, as to exclude him as a witness against the trustee, on that ground. He may have an interest in the suit, which will render him incompetent. But he cannot be held incompetent as a party. He seems to us, to be, in reality, no more a party to that suit, than the principal is to a *scire facias* against his bail. The circumstance, that in the one case, the process is joint, and in the other several, seems to us to be of no importance, and not to change, in the least, the nature of the case.

But it is contended, in this case, that there may be danger in admitting the principal as a witness against the trustee to prove a debt due to himself, because it may enable a debtor, by procuring a suit to be brought in the name of his creditor, against himself and trustee, to pay his debt by his own testimony. This objection occurred to us on the trial ; and we thought it deserved consideration, whether the witness ought not to be excluded on the ground of public policy.— But it is well settled, that the payee of a promissory note may be a witness against the maker, upon being released by the endorsee, where this objection applies with as much force,

as in the case now before us. For a note may be endorsed, and a suit brought in the name of the endorsee, for the purpose of making the endorser a witness as easily, as a suit can be brought in the name of another, against a principal and trustee, for the purpose of making the principal a witness against the trustee ; and while the endorser is admitted as a witness in that case, we are unable to see on what ground the principal is to be excluded in this.

The release, in this case, seems to have taken away all interest of the principal, which might have inclined him to testify in favor of the plaintiff. Indeed his interest would now incline him to defeat the suit ; because in that case his debt due to the plaintiff would be discharged, and his claim against the trustee remain due to him. We are therefore of opinion, that the witness was improperly rejected, and that there must be

*A new trial granted.*