## BELL *v.* JONES & a. & TRUSTEES.

The practice of allowing trustees to annex documents to their disclosures is not confined to such instruments as go to sustain the claims of third persons to property, or to debts for which the trustee might be otherwise chargeable.

It is within the discretion of the court to judge how far such papers are authentic, and how far they affect the case, and whether they are admissible. To the exercise of this discretion there is no limit as to time, so long as the disclosure is under the control of the court, and open to further statements by the trustee.

An affidavit of another person, which the trustee swears he believes to be true, may, by leave of court, be annexed to his disclosure, by the trustee, at his own motion, without interrogatories, even after the disclosure had once been closed, and the case submitted to the court.

If a document annexed to a trustee's disclosure repeats matters stated therein, and thereby overloads the record, and is for that reason objectionable, it is not cause for rejecting it entirely.

A person summoned as trustee disclosed a contract by which he received a deed of land from, and in return gave two notes to, the principal defendant; the contract being conditional, and dependent upon the sanction of a son of the trustee. The son refused to give his sanction, and the deed was returned, one note given up, and a promise made to give up the other; — *Held*, that it was immaterial whether or not the deed was in fact cancelled, and that the trustee was not chargeable, after the deed was delivered up.

It seems that the trustee in such case would not be chargeable, even if a pledgee of the other note could maintain an action against him by reason of the pledge.

The principal debtor is not necessarily interested in the discharge of the person summoned as his trustee, so as to render him- *primâ facie* an incompetent witness for the trustee.

FOREIGN ATTACHMENT. Timothy Perkins, one of the trustees, disclosed, in answer to interrogatories, that in March, 1843, he made a bargain with the defendant, Jones, to purchase his farm in Woodstock, and took a deed of the same, and gave in return a note for $200, payable April 1, 1844, and one for $100, payable April 1, 1845, with the further agreement, that if his (Perkins')

son, for whom the purchase was made, did not see fit to remove to Woodstock and take the farm, the deed should be returned to the defendant and the notes returned to the trustee ; that the son refused to take the farm ; that the trustee, on or about the 15th of May, 1843, received a letter from the defendant, in which he asked for a little money, if the bargain was to stand, and if not, that the deed might be returned by the bearer, and that he accordingly sent back the deed, as desired. A copy of this letter was annexed to the disclosure. When the deed was returned, as the trustee stated, he also sent word that his son refused to take the farm, and requested the defendant to return the notes. The smaller note was at once returned, and a receipt for the other given to the trustee by one Thompson, to whom it had been pledged by the defendant as security for $29. The disclosure further stated that this note was pledged to Thompson without the trustee's knowledge or consent, and after the bargain had been given up and the deed returned, and that the defendant agreed to get the note back. It also stated that the bargain was cancelled with no other formality than is above stated, and fixed the time of the rescinding of the bargain before the service of the writ, in this action, upon him.

After this disclosure was signed and sworn to, the trustee, by leave of the court, without further interrogatories, made further answer, annexing the affidavit of the said Jones, and stating that he believed the facts therein stated were true, to which he also made oath.

The affidavit thus annexed set forth that the affiant, in March, 1843, sold his farm, in Woodstock, to Timothy Perkins for $300, upon condition that Perkins' son would take the farm ; that Perkins gave him in return two notes, one for $200 and one for $100 ; that Perkins was to return home and consult his son, and if the son did not consent to the bargain, to return the deed and receive the notes,

and that the bargain should not take effect; that in May, 1843, Perkins sent the deed back to the affiant, with word that his son would not agree to the bargain; and that the bargain was then given up, and was understood by both parties to be ended; that the affiant had returned the $100 note, and expected to procure and return the other. The affidavit also stated that in May, 1843, when the deed was returned to him, he (Jones) cancelled the deed by tearing his signature out from it, and having kept the torn deed a while by him, subsequently burnt it.

*W. A. Thompson,* for the plaintiff.

*Quincy,* for the trustee.

PARKER, C. J. We are of opinion that it was competent for the court to admit the affidavit to be annexed to the disclosure of the trustee in this case, and this notwithstanding the disclosure had been closed and the case submitted. The practice of allowing trustees to annex documents which are material to the case, to their disclosures, and thus making them part of the case, is not confined to such instruments as may serve to sustain the claim of a third person to property in the hands of the trustee, nor to a debt due from him for which he might otherwise be charged. Written instruments, and even the evidence of third persons respecting facts which are not within the knowledge of the trustee, may be equally important for the purpose of showing his own rights. It is within the discretion of the court, upon the consideration of the case, to judge how far such papers are authentic, how far they rightfully affect the case, and to determine whether they should be admitted. And this discretion is not limited in point of time, so long as the disclosure itself is under the control of the court, and may be opened for the addition of further statements by the trustee.

The documentary testimony is annexed to a disclosure

for the purpose of supplying facts of which the trustee has not personal knowledge, and for the exhibition of the contents of written instruments to which he has occasion to refer. The affidavit annexed to the disclosure in this case is objectionable, because it overloads the record with matters not material to be thus stated. But it is not a cause for rejecting it entirely, that it repeats matters stated in the disclosure itself, and therefore not material to be put in the affidavit. If these matters were thus stated with a view of supporting the credit of the trustee, the statement of them was unnecessary; for his statements are to be taken as true unless the disclosure contradicts itself, or the matters appended to it contradict the statements contained in it.

There is no such discrepancy here between the statements of the disclosure and those contained in the affidavit as can impair the effect and legal operation of the disclosure. There is little in the affidavit which was not in the disclosure in the first instance. The disclosure states a contract, by which the trustee received a deed and gave two notes to the principal; that the contract was in fact conditional, and dependent upon the sanction of the son of the trustee; that the son did not sanction it, and thereupon the deed was returned and one of the notes was given up, with a promise to give up the other, but that, instead of it, he had received the receipt of a third person, which shows that it was pledged; and the trustee states that this pledge was made after the bargain had been given up and the deed returned to the principal. The disclosure shows the assent of the principal to the rescission of the contract, by the reception of the deed, the delivery up of one of the notes, and the promise to deliver the other, before this process was served. As between the principal and the trustee, then, nothing was due from the trustee on the service of the process. The subsequent pledge of the note, if it might render it valid against the trustee in the hands of the pledgee (which it

seems not to be), could not make it a debt due the principal, for which the trustee is answerable in this process, even if the pledgee should relinquish any right he might suppose himself to possess. If the principal had retained the note, he could have had no title to recover it of the trustee after he had received back his deed to be cancelled, in pursuance of a condition in the original contract. The consideration for which it was given failed from that time, whether he had in fact cancelled the deed or not. The cancellation or destruction of the deed was within the power of the principal, whenever he chose to exert it. The cancellation of the contract was perfected when the deed was delivered up, and the note was of no more validity in the hands of the principal than it would have possessed had the deed, instead of having been delivered to the trustee, been delivered to a third person as an *escrow*, upon a like condition, and the bargain afterwards rescinded and the deed delivered back.

The fact that the deed has been cancelled being immaterial, and that being the only fact not stated in the disclosure, the annexation of the affidavit is of no consequence, and the questions upon the interest of the principal and upon his credibility are not important.

We may add, however, (to exclude conclusions) that the principal debtor is not necessarily interested in the discharge of the trustee, so as render him *primâ facie* incompetent as a witness for the trustee; 3 N. H. Rep. 400, *Wallace* v. *Blanchard;* and there are no facts in this case which show such an interest. It does not appear that he is to gain or lose by the judgment for or against the trustee, or that the judgment will be evidence for or against him in another suit. 3 N. H. Rep. 399, *Wallace* v. *Blanchard;* 11 Mass. 334, *Groves* v. *Brown.* If an interest in fact existed, it seems that it would exclude the introduction of his affidavit as an exhibit in connection with the disclosure of the trustee.

*Trustee discharged.*