## BROWN *v.* DUDLEY.

In trustee proceedings before a justice of the peace or police court, where the plaintiff and principal defendant reside in one county, and the trustee in another, the writ should be directed to the sheriff of any county or his deputy, or to any constable of each of the towns wherein either of the parties is resident.

An omission to insert the proper direction, if the writ be served by the proper officer, is not fatal to the proceedings.

The bond provided for in such cases is intended solely for the protection of the trustee, and is to be regarded as waived, if the trustee appear and disclose, and judgment be rendered against him without objection.

Evidence that the defendant has been, after disclosure, charged as trustee of the plaintiff in a former suit, and the judgment satisfied, is competent to be received in bar of a claim for the same indebtedness for which the defendant was charged as trustee.

Such evidence is conclusive as to so much of the plaintiff's claim as was satisfied and extinguished by the payment of the former judgment.

The judgment against a trustee is not conclusive as to the original amount of his indebtedness to the principal defendant.

ASSUMPSIT. Writ dated December 31, 1853, and brought to recover the balance upon the following account:

1853, July 22. To bottoming one case of shoes, at
    20 cents, . . . . . . . $12.00
August 6. To bottoming one case shoes (extra
    sizes,) . . . . . . . . 12.60
    —————
    $24.60
July 22. Cr. by cash in part, . . . . . 9.00
    —————
    $15.60

Plea, the general issue, with a brief statement, setting forth that the defendant had been charged as trustee of said Brown in a suit brought by one Mary Morrison against said Brown in the police court of Manchester, &c.

The plaintiff introduced testimony tending to show that the work specified in his account was performed as charged.

The defendant then introduced copies of a writ and judgment, from the records of the police court of the city of Manchester,

in a suit brought by Mary Morrison *v.* said Brown as principal defendant, and said Dudley as trustee of said Brown. Said writ was dated July 27, 1853, and was directed by the justice of said police court to " the sheriff of the county of Hillsborough, or his deputy, or to any constable of any town in said county." The plaintiff and principal defendant were described as being of said Manchester, and the trustee (Dudley) as of Candia, in our county of Rockingham.

On the back of this writ were the following returns of service :

" ROCKINGHAM SS., July 28, 1853. I have summoned the within named Samuel Dudley, as within commanded, by reading to him this writ. · JOHN MOORE, *Deputy Sheriff.*"

" ROCKINGHAM SS., August 8, 1843. I have summoned the within named Samuel Dudley, as within commanded, by leaving at his usual place of abode an attested copy of this writ.

JOHN MOORE, *Deputy Sheriff.*"

This writ was served upon Brown, the principal defendant, August 16, 1853, by Mace Moulton, a deputy of the sheriff of Hillsborough county.

The copy of the judgment was as follows :

" THE STATE OF NEW-HAMPSHIRE.

HILLSBOROUGH SS. Be it remembered, that at the police court of the city of Manchester, holden at the police court room in said Manchester, on the third day of January, A. D. 1855, at ten o'clock, in the forenoon, — Before C. E. Potter, Esquire, justice,

*Mary Morrison, Plaintiff,* v. *Daniel Brown, Defendant, and Samuel Dudley, Trustee.*

This action was entered in said court on the first Wednesday of September, A. D. 1853. The parties appeared, and the action was continued from term to term until this term. And now, upon the issue joined by said parties, the court having considered the allegations, evidence and arguments of the said parties, it appears to the said court that the said defendant did promise the plaintiff in manner and form as the plaintiff has de-

Brown *v.* Dudley.

clared against him: It is, therefore, considered by the court that the said Mary Morrison recover against the said Daniel Brown the sum of seven dollars and fifty-six cents damages, and costs of suit, taxed at four dollars and twenty cents. And said trustee, at the election of the plaintiff, made his disclosure. And the same being seen and examined, it appears to me, the said justice, that the said Samuel Dudley is chargeable for the sum of eleven dollars and seventy-six cents, being the amount in his hands after deducting his costs, taxed at two dollars and forty cents. It is further considered, that said plaintiff have execution against said Samuel Dudley for the sum of eleven dollars and seventy-six cents. C. E. POTTER, *Justice.*"

The defendant proved a payment of the above execution to the attorney of said Mary Morrison, and that said execution was duly discharged.

The court ruled that this evidence was no bar to the plaintiffs recovering in the present suit, to which ruling the defendant excepted.

The jury, upon the other evidence, returned a verdict for the plaintiff for $15.60, and interest thereon from the date of the plaintiff's writ:

Which verdict the defendant moved to set aside for supposed error in the aforesaid ruling of the court.

*Geo. M. Flanders,* for the defendant.

*D. & D. J. Clark,* for the plaintiff.

FOWLER, J. As the pleadings in this case were in conformity with the provisions of the 38th section of the 208th chapter of the Revised Statutes, in the absence of any suggestion from the counsel on either side, we are led to infer that the ruling of the court below, to which exception was taken, must have been predicated entirely upon the informalities and inequalities of the proceedings in the trustee suit before the police court of Manchester.

By sections 39, 40 and 41, of chapter 208 of the Revised Statutes, jurisdiction is given to justices of the peace in trustee suits generally, and particularly where the trustee resides in a different county from the other parties. By the 16th section of the charter of Manchester (laws of 1846, chapter 384) the police court of that city was invested with original jurisdiction and cognizance of all suits and actions that might be heard, tried and determined by any justice of the peace for Hillsborough county.

In the original trustee suit the plaintiff and principal defendant were both described as of Manchester, in the county of Hillsborough, and the trustee as of Candia, in the county of Rockinghom. In such case the writ should properly have been directed to the sheriff of any county in the State, or his deputy, or to any constable of Manchester or Candia. Revised Statutes, chap. 208, sec. 40.

But this was a matter which might have been amended on motion. The service on the trustee having been made by the proper officer, though not in fact directed to him, leave would have been granted to insert the requisite direction. *Hearsey* v. *Bradbury*, 9 Mass. 95 ; *Wood* v. *Ross*, 11 Mass. 271, 276.

The provisions of section 41, of chap. 208, in relation to the filing of a bond, were intended purely for the protection of the trustee in his costs, and if none were filed with the original suit in this case, the trustee is undoubtedly to be considered as having waived his right to insist upon one, by appearing term after term, and making his disclosure without taking the objection. *Farnum* v. *Davis*, decided in Merrimack, December term, 1855.

The proceedings in the suit, Mary Morrison against the present plaintiff as principal defendant, and the present defendant as trustee, were before a court having jurisdiction of the cause ; the parties were all present, all the objections now raised to the validity of those proceedings were then open to them, and they cannot now avail themselves of those objections to avoid the legal effect of those proceedings. The judgment in that suit is therefore conclusive upon everything directly settled by it. It was settled by that judgment that the present defendant was indebted

to the present plaintiff in the sum of fourteen dollars and sixteen cents. Upon that point, therefore, the judgment is conclusive. And if it shall appear from the judgment including the disclosure, that this indebtedness was for the same subject matter as the plaintiff's claim in the present action, inasmuch as the defendant paid the execution recovered against him in that suit, the evidence would be conclusive that so much of the plaintiff's claim had been paid by the defendant, and the plaintiff must be precluded from recovering it again in this suit.

But that judgment and the evidence of its satisfaction are only conclusive *pro tanto.* The plaintiff is not thereby precluded from insisting that the sum found by the police court of Manchester in the hands of the defendant, and for which he was charged as trustee, was not the whole amount of the defendant's indebtedness to him at the time, for that was not a matter directly in issue on the trial before that court. The plaintiff in that suit, Mary Morrison, having taken the defendant's disclosure, and obtained the judgment of the police court thereon, was concluded by it. But the present plaintiff was not strictly a party to that issue. There were separate proceedings on that trial. The judgment was conclusive against the present plaintiff as to the amount of his indebtedness to Mary Morrison, but not as to the amount of the trustee's indebtedness to him. It is only evidence against him to show what amount of the defendant's indebtedness to him the defendant was charged for and paid under those proceedings. *Demeritt* v. *Lyford,* 7 Foster 541; *Drew* v. *Towle,* 7 Foster 412; *Puffer* v. *Graves,* 6 Foster 256; *Graves* v. *Brown,* 11 Mass. 334; Cushing's Trustee Process, sec. 280; *Ingraham* v. *Olcock,* 14 N. H. 243.

As we are of opinion that the evidence rejected was clearly competent for the purpose of showing how far the property of the defendant and his indebtedness to the plaintiff had been appropriated towards the payment of the plaintiff's claim, and that it was a conclusive bar to so much of said claim as had thus been paid, the verdict must be set aside and a

*New trial granted.*