*J. R. Coffroth, J. R. Slack* and *T. Roche*, for appellant.

---

BARTON v. ALLBRIGHT.

ATTACHMENT.—JUDGMENT AGAINST GARNISHEE.—The judgment against the garnishee in an attachment proceeding is not conclusive as to the amount owing by the garnishee to the attachment defendant. In a suit by the

latter for the debt, the judgment on the garnishee process is not a bar, but is a good credit to the amount paid.

APPEAL from the *Posey* Common Pleas.

GREGORY, C. J.—*Allbright* sued *Barton* on five promissory notes. Answer, the general denial, with an agreement that the defendant might give in evidence thereunder all matters that could be pleaded as a defense. Trial by the court; finding for the plaintiff. Motion by the defendant for a new trial overruled. A bill of exceptions, containing the evidence, is a part of the record.

On the trial, the defendant offered in evidence, in bar of the action, the record of a proceeding and judgment in attachment against the payee and assignor of the notes in suit, in which the appellant was garnisheed, and paid into the *Posey* Circuit Court the amount found due from him on the notes, after the date thereof and before their assignment. The court refused to receive the offered evidence in bar, but admitted it for the purpose of proving a defense to the amount actually paid. The question in the record is, is this judgment against the garnishee in the attachment proceeding a bar to the action? Mr. DRAKE, in his work on Attachment, states the rule thus: "Nor does the judgment against the garnishee amount to *res adjudicata*, as between him and the defendant, so as to preclude the latter from claiming more in his action than the garnishee in the attachment proceedings was considered to owe. Were such the case, it would be in the power of the garnishee, by confessing in his answer a smaller indebtedness than actually existed, to practice a fraud upon his creditor which would be irremediable." Drake on Attachment, § 707.

In *Tams* v. *Bullitt et al.*, 35 Penn. 308, it was held that a verdict and judgment against the garnishee, in an attachment execution, is not conclusive in a subsequent action by the trustees in insolvency of the defendant in the attachment, against the garnishee.

In *Massachusetts* and *New Hampshire*, in their trustee pro-

cess, (similar to our garnishment) it has been repeatedly held that the judgment against a trustee (the debtor) is not conclusive as to the original amount of his indebtedness to the principal defendant. *Groves* v. *Brown*, 11 Mass. 334; *Brown* v. *Dudley*, 33 N. H. 511; *Puffer* v. *Graves*, 6 Fost. 256; *Drew* v. *Towle*, 7 *id.* 412.

We think the court below was right in its rulings on this question.

The judgment is affirmed, with costs.

*W. P. Edson*, *E. M. Spencer* and *W. Loudon*, for appellant.

*J.* and *H. C. Pitcher*, for appellee.