## KENT COUNTY.

### HENRY D. EDDY *vs.* THE PROVIDENCE MACHINE COMPANY.

A., garnished in an action brought by B. against C., the writ being returnable to a Justice Court June 26, filed his sworn account, headed "Justice Court, June 29."  The Justice Court charged A., as trustee, the memorandum being " A. chg'd no aff't."  Whereupon B., after obtaining judgment against C., sued A. for neglecting to file a sworn account.

*Held*, that the heading of the account formed no part of it, and that A. had filed his affidavit as garnishee.

*Held*, further, that the order of the Justice Court in charging A. as trustee did not have the force of a judgment.

Under the law of Rhode Island, the charging a garnishee who does not appear has not the force of a judgment.  The garnishee's liability is statutory, not fixed by the charging as by an adjudication.

EXCEPTIONs to the Court of Common Pleas.

This action was trespass on the case brought in the Court of

Common Pleas against the defendant for neglect to file an account when garnished in a prior action brought by the plaintiff against one Willis H. Payson in the Justice Court of the city of Providence. The defendant in this action pleaded the general issue, "not guilty," and the action was tried to the court upon an agreed statement of facts, jury trial being waived. After judgment for the defendant, the plaintiff brought this bill of exceptions.

The facts involved are stated in the opinion of the court. The statutory provisions referred to by the court are as follows: —

Pub. Stat. R. I. cap. 208:

"SECT. 13. If it shall appear by the disclosure of the person making such oath that the person, copartnership, or corporation served with a copy of such writ had, at the time of service thereof, any of the personal estate of the defendant in his or their hands, then and in such case the plaintiff, after having recovered judgment against such defendant, may bring his action against such person, copartnership, or corporation to recover so much as will satisfy such judgment, with interest and costs, if there shall appear by such disclosure to be a sufficiency for the same, otherwise for so much as shall appear by the same to be in his hands.

"SECT. 18. If any person, copartnership, or corporation, after being served as trustee with a copy of any writ, and after having been tendered at the time of such service two dollars and his travelling fees as a witness in the Supreme Court or Court of Common Pleas, and one dollar and like travelling fees in any other court, shall refuse or neglect to render such an account on oath, as aforesaid, of what personal estate of the defendant he had in his hands at the time of the service of such copy, such trustee shall be liable to satisfy the judgment that the plaintiff shall obtain against the defendant in such writ, to be recovered by action on the case, except as provided in section twenty-two, chapter two hundred twenty-two."

Cap. 213:

"SECT. 10. Whenever any person shall be served with a copy of a writ by which he shall be sought to be charged as trustee of the defendant named therein, and such person shall appear and answer to the action so commenced, as to whether he is or is not

a trustee of the defendant, the court in which such action is brought or may be pending shall determine whether the person so served is properly chargeable as the trustee of the defendant, and, if chargeable, to what extent."

Cap. 222:

" SECT. 21. In every execution issued against any defendant in an action in which another person shall have been charged, as the trustee of such defendant, under the provisions of section ten of chapter two hundred thirteen, or by the default of the person served with a copy of the plaintiff's writ for the purpose of charging him as the trustee of the defendant to appear and file his affidavit therein, there shall be inserted next after the words ' goods and chattels or real estate of the defendant,' the words following, namely, ' and the personal estate of the said defendant, in the hands and possession of [here insert the name of the trustee], charged as trustee of the said defendant to the extent of [here insert the amount for which the trustee is charged],' or, if the trustee shall be charged by his default in not filing the necessary affidavit, in said cause, insert, in lieu of the clause fixing the extent to which such trustee shall be charged, the following, after the word defendant, namely, ' by the default of the said trustee to file his affidavit in said action.'

" SECT. 22. If any person named as the trustee of a defendant in any execution, who shall have had a judgment that he be charged as trustee rendered against him by default, shall make affidavit as to whether or not he had personal property of the defendant in his hands or possession at the time of the service of the original writ in said action upon him, and stating the amount, if any, so in his hands, and that he failed to file an affidavit therein before he was charged by the court as the trustee of the defendant, either from want of actual notice of the service of the said writ, or by accident or mistake, and shall give such affidavit to the officer charged with the service of said execution, the officer shall annex such affidavit to his return to the said execution, and if the trustee shall pay to the said officer the money paid for his attendance at the time of the service of the original writ, and another like sum, together with the sum stated in his affidavit to be so in his hands, if any, no further proceedings shall be had therein against such

trustee, except as is provided in section eleven of chapter two hundred thirteen, and the officer shall pay the money paid to him by such trustee to the plaintiff."

*Providence, April* 25, 1885.   STINESS, J.   The defendant is sued for neglecting to make an affidavit as garnishee in a suit by the plaintiff against Payson in the Justice Court of Providence. The return day of the writ in the Justice Court was June 26, 1882.   The defendant, by its clerk, upon whom the copy of the writ was served, made its affidavit, which was filed in the clerk's office of the Justice Court June 20, 1882.   In a corner of the sheet, above the affidavit, were placed the words, " Justice Court City of Providence, June 29, 1882."   The plaintiff therefore claims that the affidavit could not apply to the original case.   We think the date was no part of the affidavit.   It was a mere memorandum placed above it for convenience in reference.   It is not referred to in the affidavit nor made a part of it in any way, but, on the contrary, the case is therein accurately designated.   The affidavit was duly made, duly filed, and sufficiently described the case to which it referred.   The insertion of an erroneous date above the affidavit could not change those facts.   It does not appear that there was any other case between the parties named to which the affidavit could relate.   The defendant did all that is required of a garnishee by law.   But the defendant was charged as trustee of said Payson by the Justice Court, the memorandum on the papers being, " Prov. Machine Co. chg'd. no aff't."   Hence the plaintiff in this action claims that such charging is in the nature of a judgment, which is conclusive upon this defendant.

As garnishment is a statutory proceeding, it is only by force of statute that the charging of a garnishee can in any case operate as a judgment.   But, in those states where it has this effect, it is not conclusive as to the amount owing by the garnishee to the attachment defendant.   *Barton v. Allbright,* 29 Ind. 489.   Drake on Attachment, § 707, 4th ed. and cases cited.   If so, as between them, it cannot be conclusive as to whether anything is owing. The conclusiveness of a finding against a garnishee applies only to the suit in which it is made.   The statutes of this State do not treat the charging of a garnishee as a judgment.   By Pub. Stat. R. I. cap. 208, § 13, if he makes a disclosure of funds in his hands,

the plaintiff may sue for the amount, or so much as will satisfy his judgment against the defendant. The execution does not run against the garnishee, though by cap. 222, § 21, it runs against the fund, without providing any immediate remedy if the garnishee refuses to turn it over. Even after an execution issues he may avoid his liability altogether by making an affidavit, under the provisions of § 22.

The only case in which the court acts judicially with reference to the garnishee is under cap. 213, § 10, to determine, in case he " *shall appear*," whether he " is properly chargeable as the trustee of the defendant, and, if chargeable, to what extent." There is no provision in the statute for the court to charge a garnishee upon his default to make an affidavit. His liability in that case is determined by cap. 208, § 18, and is the same that it was before the passage of the act authorizing the court to determine the liability after appearance. Provision is made, cap. 222, § 21, " if the trustee shall be charged by his default," that the execution shall run against " the personal estate of the said defendant in the hands and possession " of the garnishee, " charged as trustee of the said defendant by the default of the said trustee to file his affidavit in said action." But this charging must refer to the garnishee's statutory liability, for no express authority is given to the court to charge him by default. It is possible to infer such an authority from the words quoted above, but such an inference would enlarge a statute which can be more plainly satisfied by reference to the statutory liability. If, therefore, a garnishee, in case of default, becomes liable by force of statute, and not by an adjudication of the court, the fact that he is " charged by his default " cannot be regarded as a judgment. It follows that the defendant is not bound by the charging in the Justice Court, but may show, as he has done, that he duly filed his affidavit, and should not have been charged. *Exceptions overruled.*

*John J. Arnold*, for plaintiff.

*Dexter B. Potter*, for defendant.