THE PEOPLE *against* BILL.

PEOPLE
v.
BILL.

THIS was an indictment for an assault and battery, tried at the *Delaware* sessions, in *January,* 1812, on which the defendant was found guilty.

By consent, the judgment of the court of sessions was suspended, in order to take the opinion of this court, on a question of law, arising upon the trial; and the following case was submitted to the court:

The defendant was indicted jointly with another person, for an *assault* and *battery* upon *J. P.* The defendants each pleaded *not guilty.* This defendant elected to be tried separately, and his trial came on first. The prosecutor, and the two defendants, were the only persons present at the time of the affray. After the testimony for the people had been produced, the defendant offered to prove his defence, by the other person named in the indictment. The district attorney objected to the witness, on the ground that he was named jointly in the indictment, and for the same cause; and the witness was excluded.

*Where two persons jointly indicted for an assault and battery, pleaded separately, and one of them being tried first, it was held, that the other defendant was not a competent witness for him. A party in the same suit, or indictment, cannot be a witness for his co-defendant, until he has been first acquitted, or convicted; and whether the defendants plead jointly or separately, makes no difference.*

*Per Curiam.* It appears to be a technical rule of evidence, and one well settled, that a party in the same suit or indictment, cannot be a witness for his co-defendant, until he has been first acquitted, or, at least, convicted. Whether the defendants be tried jointly, or separately, does not vary the rule. It is his being *a party* to the record that renders him incompetent, and the practice is, when nothing appears against one of the defendants, for the court to direct his immediate acquittal, so that the other defendant may use him as a witness. (1 *Hale's P. C.* 306. *Peake's Ev.* 100. note. 6 *Term Rep.* 623.) In the case of *Rex* v. *Fletcher,* (*Stra.* 633.) where two were indicted for an assault, and one submitted, and was fined, and paid it, the chief justice allowed him to be a witness, "the matter then being at an end, as to him." But in the late case of *Rex* v. *Lafone and others,* (5 *Esp. N. P.* 155.) Lord *Ellenborough* would not allow a co-defendant, on a joint indictment for a misdemeanor, to be a witness for the other, though he had let judgment go by default, for he said that one defendant, in that case, might always protect the other, and he had never known that evidence offered.

The witness in the present case was, therefore, legally excluded.