## GILMORE vs. BOWDEN & al.

In a suit against two defendants, one of them was defaulted; after which his deposition was taken by the other, who defended on the ground of minority, and offered it as evidence in the case. *Held*, that it was inadmissible.

ASSUMPSIT on a promissory note, signed by *Robert G. Bowden* and *Henry Frost*. After the *default* of the latter, *Bowden*, who made defence on the ground of minority, took the deposition of *Frost*, his co-defendant and offered it as evidence in the cause, but the plaintiff's counsel objected to its admission. It was thereupon agreed, that a default should be entered, which was to be taken off and the case stand for trial, if, in the opinion of the whole Court, the deposition was legally admissible.

*J. Appleton*, for the defendant, insisted that *Frost's* testimony was admissible, he having no interest in the suit. He had been defaulted, and judgment must go against him, at all events, whatever may be the result as to *Bowden*. If he had any interest it was adverse to the party calling him.

Wherever there is a personal defence by one of the defendants, judgment may be several, though the action be *assumpsit*; hence *Frost* would not be liable for the costs accruing after the default.

The reason for rejecting a party as a witness has been on the ground of his interest — but *cessat ratio, cessat lex.*

To show that *a plaintiff* had been admitted as a witness, he cited, 2 *Dallas*, 172; 4 *Dallas*,     ; 3 *Bin.* 306; 3 *Rawle*, 409; *Hermon* v. *Drinkwater*, 1 *Greenl.* 27.

A *defendant* has also been admitted as a witness, 4 *Esp. R.* 198; 2 *Esp. R.* 552; 9 *Conn. Law Rep.* 127; 2 *B. & C.* 558; 20 *Com. Law Rep.* 77.

*Brown*, for the plaintiff, cited the following authorities: *Spaulding* v. *Smith*, 1 *Fairf.* 364; *Fox & al.* v. *Whitney*, 16 *Mass.* 118; *Nason & als.* v. *Thacher*, 7 *Mass.* 398; *Adams & al.* v. *Leland & al.* 7 *Pick.* 62; *Sawyer* v. *Merrill*, 10 *Pick.* 16; *Scott* v. *McLellan*, 2 *Greenl.* 199.

WESTON C. J. — It is a general rule of law, that a party to the record, plaintiff or defendant, cannot be received as a wit-

ness. To this there are some exceptions; as where the party who sues the hundred under the statute of *Winton*, is admitted as a witness, from the necessity of the case. And the case of *Herman* v. *Drinkwater*, 1 *Greenl.* 27, was placed upon the same principle. Another exception well established is, where in an action founded on tort against several, and there being no evidence against one, after a verdict passes in his favor, he may be a witness for the other defendants.

The reason usually given by elementary writers for the general rule is, the interest which a party has in the cause, if brought or prosecuted for his benefit; or in the costs, if he be merely a nominal party. Accordingly in the cases cited from *Pennsylvania*, where the objection of interest did not exist, a nominal party has been received as a witness; for which, however, the court give as an additional reason, that they have there no courts of equity.

In *Ward* v. *Hayden*, 2 *Esp. Rep.* 552, one defendant in trover, who suffered judgment to go against him by default, was received as a witness; although *Lord Kenyon*, who tried the cause, at first thought the witness incompetent, and continued to entertain doubts upon the point. *Doe* v. *Greene*, 4 *Esp. Rep.* 198, was an action of ejectment, which is a fictitious proceeding, and there conducted upon principles not known to our practice. In *Moody* v. *King and Porter*, 2 *Barn. & Cress.* 558. *Porter* pleaded bankruptcy and a certificate, whereupon the plaintiff entered a *nol. pros.* as to him; and he, having then ceased to be a party to the case, was received as a witness. In *Worrall* v. *Jones*, 7 *Bingham*, 395, the plaintiff called the defendant, who consented to be sworn. It was done therefore by mutual consent, and is no precedent, where the measure is restricted by one of the parties. Besides, what the defendant testified was good by way of admission, and none the less so for being under oath. And this is the reason assigned by *Mansfield C. J.* for receiving similar testimony, in *Norden* v. *Williamson et al.* 1. *Taunt.* 378.

But interest is not the only ground, upon which a party is excluded from being a witness. If it was, a party might always be called by his adversary, to testify against his interest. The

exclusion of parties is a distinct and independent rule of the law of evidence, and not a branch of, or derived from another very important rule of the same law, which regards interest as a valid objection to the competency of witnesses. The rejection of parties is founded in a deeper policy. To avoid the temptation of perjury, it is laid down by the common law, that *nemo testis esse debet in propria causa.* 3 *Bl. Com.* 371 ; 3 *Starkie,* 1061. The few exceptions, which have obtained, admit the generality of the rule. It is not that a party to the record shall not be permitted to testify in his own favor ; but that he shall not be admitted as a witness. The exception in regard to defendants in tort, against whom no testimony has been adduced, is a matter not of right, but depends on the Judge at *nisi prius,* who will or not at his discretion, direct the trial and acquittal of such defendant first. *Sawyer* v. *Morrill,* 10 *Pick.* 16 ; *Davis* v. *Living et al.* 1 *Holt,* 275.

In *New York,* where a co-defendant in a criminal prosecution was tried separately, another defendant was holden an incompetent witness, on the ground of his being a party to the record. The *People* v. *Bill,* 10 *Johns.* 95.

In *Fox et al.* v. *Whitney,* 16 *Mass.* 118, *Parker C. J.* in delivering the opinion of the court, recognizes the general rule, that no party to a cause can testify in it. And admitting that the party there might not be eventually interested, he adds, that, " it has heretofore been thought sufficient to exclude such testimony, that the witness is a party on record, and we see no reason for relaxing the rule."

We are all of opinion that the deposition offered could not legally be admitted.

*Judgment for plaintiff.*