## THE PEOPLE vs. WILLIAMS.

On an indictment against two for felony, and a separate trial of one of the
defendants before the arraignment of the other on the motion of the prosecu-
tor, the defendant not arraigned is not a competent witness for the other,
notwithstanding the statute securing in such cases a separate trial.'

A JOINT indictment for *obtaining money by false pretences*
having been found against the prisoner and one Phettiplace,
the district attorney of Chenango, previous to the arraign-
ment of Phettiplace, elected to try Williams separately, and
accordingly proceeded to his trial; it not appearing that
any objection to such course was made by the prisoner.
After the prosecutor rested, Phettiplace was called as a wit-
ness for the prisoner, who being objected to by the district
attorney as *incompetent*, was excluded by the court. The
prisoner having excepted to the decision, the indictment and
bill of exceptions were removed into this court. The case
was submitted on written arguments.

*C. A. Thorp*, for the prisoner.

*J. Clapp*, (district attorney of Chenango,) for the people.

*By the Court*, NELSON, Ch. J. The competency of the
witness is the only point made in the case.

By the statute, 2 R. S. 735, § 20, when two or more de-
fendants shall be jointly indicted for *felony*, any one defend-
ant requiring it shall be tried separately ; in other cases,
defendants jointly indicted shall be tried separately or jointly,
in the discretion of the court. Before the statute, this dis-
cretion existed in all cases where the right of peremptory
challenge was out of question. 7 Cowen, 188. The statute

secures a right to a defendant indicted upon a charge of felony, that did not before exist : that is, a separate trial where he is not entitled to a peremptory challenge ; the language is purposely broad, to settle a doubt suggested of the prisoner's right, even where the peremptory challenge belonged to him. See Note of Revisers to the section. It belongs to him where the offence is capital, or is punishable with imprisonment in the state prison for ten years or any longer term. 2 R. S. 734, § 9. The act abridges the power of the court in cases where the prisoner insists upon a separate trial—it must be granted—but the power before possessed to grant it is not taken away. The court may direct a separate trial as before, without consulting him. The prisoner may now ask it as a right, and that is all the change made in this respect.

In this case therefore, even aside from the fact that there was no objection to the measure, none could have been effectual if interposed, conceding the offence to be a felony, as no doubt it is within the definition of the statute. 2 R. S. 702, § 30, and 677, § 53. If the defendant was rightfully tried alone, then the case of *The People* v. *Bill*, 10 Johns. R. 95, is decisive against the competency of his co-defendant. 1 Phil. Ev. 62.