## McIntyre *against* The People.

*Where one of two defendants, jointly indicted for felony, is separately tried in accordance with his own demand, his codefendant is not a competent witness in his favor.*

ERROR to the supreme court in the fifth district. Alanson McIntyre, the plaintiff in error, and Carrington McIntyre were jointly indicted for burglary and larceny. When the case was moved by the district attorney for trial at the Madison county court of sessions, the defendants demanded separate trials, and that Carrington McIntyre be tried first. The district attorney elected to try Alanson first; the court sustained his right to do so, and the defendant excepted. On the trial the defendant proposed to examine his codefendant, Carrington, as a witness in his behalf; the court excluded the witness and the defendant excepted. The defendant was convicted and sentenced, and the sentence confirmed by the supreme court. The case came before this court on the exceptions.

*D. Brown* for the plaintiff in error.

*W. E. Lansing* for the defendants in error.

MASON, J., delivered the opinion of the court.

The only question presented by the bill of exceptions in this case is whether a codefendant in an indictment for a felony, where a separate trial is demanded and allowed, is entitled to have his codefendant, who is a party to the record but who is not on trial, sworn as a witness. This distinct question was presented to the supreme court of this state forty years ago, in the case of *The People* v. *Bill* (10 *John.*, 95), and the incompetency of the witness was declared by the unanimous judgment of the court.

McIntyre *against* The People.

The question was presented to that court again in 1838, in the case of *The People* v. *Williams* (19 *Wend.*, 377), and they adhered to the rule laid down in the former case, and pronounced against the competency.

The same question came before the supreme court of Massachusetts in the case of *The Commonwealth* v. *Marsh and Barton* (10 *Pick.*, 57), and the same rule was affirmed. In that case the defendants were jointly indicted for uttering a forged note, and the trial of one was postponed. It was held that he could not be called as a witness upon the trial of the other for the party on trial, and the case of *The People* v. *Bill* was cited as authority.

The same rule is held by the courts of Virginia (*Campbell* v. *The Commonwealth*, 2 *Virg. Cas.*, 314), and such I understand to be the law of Westminster Hall. (1 *Phil. Ev.*, 74; *Peake's Ev.*, 100, *note* 1; *Hale's P. C.*, 306; *Rex* v. *Lafone*, 5 *Esp.*, 154.) Whatever may be the rule elsewhere, such has been the settled rule of the courts in this state ever since the case of *The People* v. *Bill* was decided, in 1813. It seems to me, therefore, that upon the maxim *stare decisis et non quieta movere*, we should affirm this judgment without discussing the reasons upon which it is founded. I have not been able, however, to discover any good reason or authority for adopting a different rule.

There is nothing in the point raised that the defendant was entitled to have his codefendant, who had demanded a separate trial, first tried.

The judgment should be affirmed.

WILLARD, GARDINER, JOHNSON and TAGGART, Js., concurred in the foregoing opinion.

DENIO, J., did not hear the argument.

RUGGLES, Ch. J., and MORSE, J., gave no opinion.

Judgment affirmed.