WYMAN BAKER, Plaintiff in Error, *vs.* THE UNITED STATES, Defendant in Error.

The evidence of Co-Defendants in a criminal prosecution is inadmissable, and they will not be permitted to testify for, or obliged to testify against, each other, and if the Defendants are tried separately, the rule is the same.

But a Defendant, after being discharged, or after judgment rendered against him, may be a competent witness for a Co-Defendant.

In cases of criminal prosecution before a Justice of the Peace, the District Court may, upon *Certiorari*, affirm the judgment of the Justice with costs in both Courts, and render such judgment against the Defendant and the sureties upon his recognizance.

This was a criminal prosecution against Wyman Baker and Thomas Baker for assault and battery, before Orlando Simons, Esq., a Justice of the Peace for Ramsey County.

Wyman Baker was fined, and the cause was removed to the District Court by *Certiorari*, in which Court the judgment of the Justice was affirmed, and now comes to this Court by Writ of Error to the District Court of Ramsey County. The facts appear in the opinion of the Court.

Assignment of errors on behalf of the Plaintiff in Error :

*First*, The District Court erred in affirming the judgment of Orlando Simons, the Justice below, for the reason that said Justice erred in excluding the witness, Thomas Baker.

*Second*, The District Court erred in rendering judgment against Joseph W. Marshall, the surety on the recognizance for Writ of *Certiorari*.

*Third*, The District Court erred in rendering judgment for, or affirming judgment below with Ten Dollars costs to, the United States.

H. L. Moss, Counsel for Plaintiff in Error.

[Points and Authorities of Defendants in Error not on file.]

RICE, HOLLINSHEAD & BECKER, Counsel for Defendants in Error.

*By the Court*—SHERBURNE, J. Wyman Baker, the Plaintiff in Error, and one Thomas Baker, were Defendants in a criminal prosecution for assault and battery. Wyman Baker was first tried, and upon his trial offered the said Thomas Baker, his Co-Defendant, as a witness in his behalf. This witness was objected to by the Counsel for the Government, and the objection was sustained by the magistrate before whom the cause was tried, and the witness excluded.

The exclusion of this witness is alleged to be error, and the Counsel for the Plaintiff in Error, in order to sustain his position, relies upon Sec. 93, on page 20, of the Amendments to the Revised Statutes, allowing parties and others to be witnesses, in derogation of the common law. But that Section of Statute contains the following clause:

Baker *v.* The United States.

" But no Defendant in a criminal action or proceeding shall be a witness therein for himself." It is a well settled rule of evidence at common law, that parties to the record are inadmissible as witnesses, either in civil actions or criminal prosecutions; they are neither permitted to testify for, nor obliged to testify against each other. And the rule is the same, whether the Defendants are tried together or separately. *Commonwealth vs. Marsh,* 10 *Pick.* 57. *The People of New York vs. Bill* 10 *Johns.* 95.

It should not be presumed that the Legislature intended to change this salutary rule, unless such intention clearly appears from the language used. In other words, a law authorizing such a departure from well established rules, and especially those commending themselves to general favor, should be strictly construed. 1 *Kent's Com.* 464. *Commonwealth vs. Knapp,* 9 *Pick.* 514.

As the Common Law rule now stands, we do not find, as before stated, that any distinction is made as to the admissibility of parties to the record as witnesses between the case of a trial of all the Defendants at the same time, and that of separate trials ; nor, indeed, does there seem to be any reason for such distinction. If Wyman and Thomas Baker had been tried together, Wyman might have offered Thomas as a witness, with the same reason that he offered him upon a separate trial. They were both Defendants in the same case, and as to the effect of their testimony for each other, it was immaterial whether they were tried separately or at the same time.

The rule for admitting parties defendant as witnesses, after discharge, or judgment against them, is based entirely on different grounds, and even this has sometimes been denied by high authority. *Rex vs. Lafone et. al.,* 5 *Esp. R.* 155.

The later authorities, however, are otherwise. We are of the opinion that the Statute was intended to mean nothing more than that a defendant in a criminal action should not be permitted to testify in defence of his own cause ; and such a provision is in affirmance and not in derogation of the common-law rule: which is founded not merely on the consideration of interest but—partly at least—in a principle of policy for the prevention of perjury. 3 *Stark. Ev.* 1062.

14

It is said in the case of *Commonwealth vs. Marsh,* above cited, that "if parties charged with an offence are permitted " to testify for each other, they might escape punishment by " perjury. If in the present case, Barton, whose trial was post- " poned, had been admitted as a witness for the Defendant, he " might have been acquitted, and then, on the trial of Barton, " the Defendant in his turn might be admitted to testify : and " thus they would be allowed mutually to protect each other, " and evade the ends of justice."

The statements of persons charged with crime, upon the subject of the charge are entitled to very little confidence. This has been demonstrated by the uniform experience of ages. So uncertain have such statements proved to be, as shown by the history of criminal proceedings, that Courts have admitted them as evidence with great caution, and with many checks and limitations, even when made against the party making them.

The fear of death, imprisonment, or loss of character—the hope of sympathy, or pardon, or modified punishment : or perhaps all of these feelings operating in some degree, at the same time,—madden the mind of even the entirely innocent,. when placed under suspicious circumstances : and while writhing under the tortures of suspense, he commits the grossest errors— is guilty of the wildest falsehoods, and has often been known to confess himself guilty of the crime of which he knew nothing.

If the statements of the accused when against themselves are liable to objections, how little weight should be allowed to those which are made in favor of the party making them!

It is perhaps just, to infer, as a general rule, that the class of persons who do not hesitate to be guilty of crime will be equally ready to screen themselves from the disgrace and punishment of conviction by false swearing.

A case of simple assault and battery, like the present, may be an exception, but the law makes no distinction ; and if the testimony is admissible in this case, it would be also admissible· if the charge were Murder.

For these reasons, we are all of the opinion that the Justice was right in excluding the witness.

The second and third errors assigned are as follows :

"*Second.*  The District Court erred in rendering judgment against Joseph M. Marshall, on the recognizance for the writ of Certiorari.

" *Third.*  The District Court erred in rendering ·judgment for, or affirming the judgment of the Court below, with ten dollars costs to the United States."

Section 198 on page 325 of the Revised Statutes is found in the chapter relating to proceedings before Justices of the Peace, under the title or head of " Miscellaneous Provisions in Criminal Cases," and reads as follows:—" If the judgment of the " Justice shall be affirmed, or, upon any trial in the District " Court, the Defendant shall be convicted and any fine assessed, " judgment shall be rendered for such fine, and costs in both " Courts, against the Defendant and his sureties."

There can be no doubt that this section was intended to apply cases taken up from a Justice to Court by Certiorari, as well as to those taken up by Appeal; and if so, the authority for affirming the judgment with ten dollars cost, by the District Court, is too clear and evident to admit of argument.

It is indeed difficult to perceive how language could have been better chosen to effect the apparent object, which was to authorize judgment for costs in *both Courts*, against the principal and his sureties.

Section 120 on page 315 of the Revised Statutes, regulating the action of the District Court in cases of Certiorari, is silent as to costs, and also as to judgment against the sureties : and this is left to be governed by Section 198 above recited.   We do not, however, see any authority for taxing costs in this case in the Supreme Court.