17bm310
110 852

**Case 30.**

**FELONY.**

# Adwell *vs.* Commonwealth.

APPEAL FROM BARREN CIRCUIT.

1. This court will not be authorized, from the fact that it is alledged as ground for a new trial, that the court erred in the rejection of testimony, or on any other question, to assume that the court so decided, unless the bill of exceptions shows what the court did decide, and that it was excepted to. (*Criminal Code, sec* 334.)

2. The court of appeals has no power to reverse a judgment of the circuit court in a criminal case, unless for an error of that court upon questions of law decided in the progress of the trial, and appearing upon the record by bill of exceptions, prepared as provided for in the Code of Practice in civil cases. See *Criminal Code, sec.* 277.)

3. The common rule of evidence in criminal cases is, that when several persons are jointly indicted, one is not a competent witness for the other. (12 *Howard*, 361; 1 *Phillips' Ev* 74, &c )

4. By our Criminal Code. (*section* 232,) the court may permit one jointly indicted, where there is not sufficient proof against him to put him on his defense, (at the instance of the other party indicted,) to order his discharge and permit such person to testify in behalf of such other person.

5. The jury should consider and duly weigh all the testimony permitted to go to them, and it is error in the court to instruct the jury that they should find in any particular way. If they do or do not believe any particular part of the testimony, they should consider it together.

[The facts of the case are stated in the opinion of the court.—REP.]

*Johnson & Lawless* and *Bates & Smith* for appellant—

1. The circuit court erred in permitting Mrs. Bailey to give in evidence to the jury the declarations of Redford Bailey as dying declarations. She said that Bailey said he was ruined and a dead man unless he got speedy relief, and that he wanted his uncle to go for the doctor—that he was afraid the men would steal his horses and hogs—showing that he had not only a slight but a positive hope of recovery—even using the means upon which that hope was founded, by sending for a doctor, and expressing his fears that his horses and hogs would be stolen.

The doctrine on this question, as settled by authority, is this—*Russell on Crimes,* 2d vol 753, uses this language—"When it appears that the deceased at the time of the declaration had any expectation or hope of recovery, however slight it may have been, (though death actually ensued in an hour afterwards.) the declaration is inadmissible." Same book : "To make the declarations of the deceased admissible as dying declarations, it must be proved by the party offering them in evidence, that they were made under a sense of impending death but that proof may be made from the condition of the deceased at the time of the declarations." The opinion of physicians, and other attendants, may be resorted to to ascertain the condition of the declarant's mind. But in this case the Commonwealth, instead of making that proof, proves by Mrs. Bailey not only a slight, but a positive hope of recovery. The court could not, under the facts proved here, say that the deceased had no hope of recovery, and improperly admitted the testimony.

There is no ground for admitting the statements of Redford Bailey as part of the *res gestae.* They were not made at the time of the injury received, and they were not admissible.

2. The circuit court improperly excluded the testimony of Joshua Adwell, offered in behalf of John Adwell, who alone was on trial. This is a relict of the dark ages, when the accused was not permitted to give testimony in his defense. This has ceased to be a rule of evidence for more than one hundred years. All the authorities—Starkie, Roscoe, Russell, Greenleaf, and Hale, and others, notwithstanding the seeming contradictions, when taken together, settle the doctrine that one jointly charged with the same crime may be a witness either for the government or for the accused, when not on trial himself. (3 *Blackstone*, 369–70; 2 *Russell*, 969; 1 *Greenleaf*, 379.) Also *Davis*, 457, uses this language: "That a *particeps criminis*, notwithstanding the turpitude of the crime charged, is a competent witness either for the government or the accused, if not put on trial at the same time, and it makes no difference whether he be indicted or not, as he remains not convicted and sentenced for an infamous crime."

It is not the policy of good government to place one in a condition where he will be a competent witness for the government, and not for one accused of crime. Can the prosecutor, at his discretion, indict two or more witnesses, and thereby disqualify them from giving testimony for each other, though separately tried? The testimony should have been admitted, and his position may have affected his credibility.

3. An instruction was asked in the words of the law (1 *Starkie*, 54.) and upon the proof made. The court refused the instruction, and gave the reason of the refusal in writing. This was error, as well as the refusal.

4. The court erred in giving the instructions which it did give, and in refusing to set aside the verdict and granting a new trial. (1 *Greenleaf*, *sections* 156, 158, and *Ib. page* 357; 2 *Starkie*, 11–12.)

*J. Harlan, Attorney General*, for Commonwealth—

ADWELL
*vs.*
COMMONWEALTH

The grand jury for Barren county, at its January term, 1856, found an indictment against John Adwell, and Joshua Adwell, for murder, committed on the body of Redford T. Bailey, the 17th November, 1855, by shooting him with a pistol and beating him with a stick.

The defendants availed themselves of the benefit of section 235 of the Criminal Code by demanding separate trials; and John Adwell being arraigned, pleaded not guilty, was tried, and found guilty as charged in the indictment.

The counsel for the prisoner filed grounds in arrest of the judgment and for a new trial, which were overruled; and final judgment was rendered that he be hung the 20th June, 1856, to reverse which the prisoner has appealed to this court.

Four grounds were relied upon for a new trial: "1. That the court erred in permitting Mrs. Bailey to give in evidence to the jury the declarations of Redford T. Bailey. 2. The court erred in refusing to permit Joshua Adwell to be sworn and to testify as a witness for the accused. 3. The court erred in refusing to give instructions, Nos. 5 and 6, as asked for by the accused, and in the reasons given to the jury in writing, for such refusal. 4. In giving the instructions as asked by the Commonwealth."

These several grounds will be noticed in the order they were made.

1. As respects so much of the motion of the accused for the arrest of the judgment, I refer the court to section 271 of the Criminal Code, which limits the right to a single cause, which is, that the facts stated in the indictment do not constitute tute a public offense within the jurisdiction of the court. No such position was taken in this case, and therefore the question does not arise.

The record does not show that any formal objection was made to the evidence given by Mrs. Bailey at the time she testified, nor was there any motion

to exclude it from the jury, nor to instruct the jury as to its effect. And that presents the question, whether the objecti n can be made, for the first time, in this court? The well settled doctrine, in civil cases, is, that evidence not objected to in the court below, cannot be assigned as error in this court, and I can perceive no reason why the same rule should not apply to criminal cases.

But if the proper steps had been taken in the circuit court, I contend there was no part of the evidence given by Mrs. Bailey that was not strictly legal.

*First.* The facts stated by her of the declarations of the deceased, directly after the mortal wounds were inflicted, bring them within the rule that dying declarations are received as evidence. The deceased, after giving a brief account of the attack, in which he said he was beaten with sticks, shot five times, and then stamped, said "he was a ruined and *dead man,* unless he got speedy relief"—"that they had shot his head all to pieces " (*Wharton's Criminal Law,* 308; *Archbold's Criminal Law,* 6*th* edition, vol. 1, 140–2; *Wharton's Law of Homicide,* 306; 1 *Greenleaf's Evidence,* sec. 156–162.)

*Second.* But if these statements were not competent as the dying declarations of the wounded man, they were properly admitted as part of the *res gestae.* They were made immediately after the occurrence. (1 *Greenleaf's Ev.,* sec. 108; *Wharton on Homicide,* 311; 3 *Cushing,* 181; 1 *Phil. Ev.* 232.)

2. In refusing to permit Joshua Adwell to be sworn as a witness for the prisoner, John Adwell.

The authorities, when examined, will be found, I think, to sustain the decision of the circuit court. "On a joint indictment against several for a misdemeanor, a defendant, who suffers judgment by default, cannot be a witness for the other defendants. The admission of such evidence, said Lord Ellenborough, might be extended equally to every other criminal case, and thus one of the party, by suffering

judgment by default, might protect the rest; *there is a community of guilt; they are all engaged in an unlawful proceeding; this offense is the offense of all.*" (1 *Phil. Ev* 74.)

The supreme court of the United States in the case of *The United States vs. Reid and Clements*, 12 *Howard*, 361, decided that where two persons were *jointly indicted* for murder committed on the high seas, and were tried separately, it was not competent for the person first tried to call the other as a witness in his behalf This case is directly in point, and, as I conceive. conclusive of the question.

The same question was decided in the case of *The People vs. Bill*, 10 *John. Rep.* 95, and *Campbell vs. Commonwealth*, 2 *Virginia Cases*, 314. See the notes of the American editor to 1*st volume of Archbold's Criminal Law, p.* 152–3, in which references are made to various American cases sustaining the principle adjudicated in the cases referred to. Section 232 of the Code negatives the right contended for by the prisoner.

3. For refusing to give instructions Nos. 5 and 6, moved by the counsel for the prisoner.

These instructions required the court, in effect. to express its opinion on the weight of certain portions of the evidence, which were properly refused. No instruction ought to be given founded on detached portions of the evidence.

4 In giving instructions asked by the prosecution.

In examining these instructions, it will be found they contain nothing liable to objection on the part of the accused. They were as favorable to the prisoner as the law would permit.

Excluding that portion of the evidence of Mrs. Bailey which detailed the statements of the deceased. no reasonable doubt can exist of the guilt of the prisoner, still he is entitled to the full benefit of the law.

ADWELL
vs.
COMMONWEALTH

July 4.

Judge SIMPSON delivered the opinion of the court:

John and Joshua Adwell were jointly indicted in the Barren circuit court, for the murder of Redford T. Bailey, and having claimed separate trials, John Adwell was tried and found guilty. The court below overruled a motion for a new trial, and the prisoner has appealed to this court.

In the grounds filed, upon which the motion for a new trial was based, the following objections were made to the action of the court upon the trial, to-wit:

1st. "That the court erred in permitting Mrs. Bailey to give in evidence to the jury the declarations of Redford T. Bailey.

2d. "That the court erred in refusing to permit Joshua Adwell to be sworn and to testify as a witness for the accused."

1. This court will not be authorized, from the fact that it is alledged as ground for a new trial that the court erred in the rejection of testimony, or on any other question, to assume that the court so decided, unless the bill of exceptions shows what the court did decide, and that it was excepted to.(*Crim. Code, sec.* 334.)

The bill of exceptions contains the evidence given by Mrs. Bailey upon the trial, but it does not state that it was objected to on the part of the accused. Nor is it stated therein that Joshua Adwell was offered as a witness on the trial, and rejected by the court. That such questions were made and decided by the court does not appear by any part of the record, except in the grounds filed for a new trial. The bill of exceptions states that the motion for a new trial, upon the grounds filed, was overruled; but whether the motion was overruled because the grounds filed did not contain a correct statement of what occurred upon the trial, or for some other reason, does not appear.

The party making a motion for a new trial can file any grounds he thinks proper. When filed, they show merely upon what he relies to sustain his motion; they do not prove that the matters which are therein set forth, and relied upon, are true. If such matters relate to the proceedings upon the trial, the decision of the court, which is alledged to be erroneous, should be stated in the bill of exceptions, as well as the fact that it was excepted to at the time

it was given.   The reasons assigned for a new trial
cannot, therefore, be regarded as evidence of the ac-
tion of the court upon the trial.

A judgment of conviction may be reversed for an
error of the circuit court in admitting or rejecting
important evidence, but such error must appear on
the record. (*Sec.* 334, *Criminal Code.*) The record in
this case does not show that the testimony of Mrs.
Bailey was objected to    If admitted without objec-
tion, its admissibility was not passed upon by the
court, and therefore it cannot be said, with any pro-
priety, that the court erred in admitting it.   Its ad-
mission under such circumstances would be the act
of the parties and not the act of the court.

The evidence of Mrs. Bailey consisted of the state-
ments of the deceased, as to the manner, and the
persons by whom, the injury he sustained had been
inflicted.   The witness proved the deceased stated
in the same conversation, "that he was ruined and a
dead man, unless he got speedy relief."   She also
proved that he was very bloody, and became insensi-
ble in about twenty minutes after he had made his
statement, and remained in that condition until he
died.

We are inclined to the opinion, from the expres-
sions used by the deceased, that he did not feel that
certainty of his approaching dissolution which the
law treats as equivalent to the solemn sanction of an
oath, and regards as indispensable to make dying
declarations admissible as evidence.   But as all the
facts stated by him were more fully proved by the
other testimony in the cause, and it does not appear
that his dying declarations, when deposed to by Mrs.
Bailey, were objected to as evidence, and no reason-
able doubt of the guilt of the accused could arise,
even if her evidence were excluded; there does not
seem to be any good reason why this court should in-
dulge the supposition, that this evidence had been
objected to when the fact does not so appear on the
record.   And if it were not objected to on the trial,

ADWELL
*vs.*
COMMONWEALTH

2. The court
of appeals has
no power to re-
verse a judg-
ment of a cir-
cuit court in a
ciiminal case,
unless for an er-
ror of that court
upon questions
of law decided
in the progress
of the trial, and
appearing on
the record by
bill of excep-
tions prepared
as provided for
in the Code of
Practice in civil
cases. (See
*Crim. Code, sec.*
277.)

nor any motion made to exclude it, its competency cannot be inquired into by this court, whose revisory jurisdiction in criminal cases is restricted to errors of law, committed by the circuit court in the progress of the trial, and appearing on the record by a bill of exceptions, prepared as provided in the Code of Practice in civil cases. (Sec. 277, Criminal Code.)

If Joshua Adwell were a competent witness, as his testimony might have had an important bearing upon the decision of the question of the guilt or innocence of the accused, we should feel a very great reluctance, in a case like this, to permit an omission in the record, that may have been occasioned by the mere oversight of counsel, so to operate as to deprive the accused of the benefit of this testimony. But we are satisfied that the decision was correct, if as alledged, the court did refuse to permit this witness to testify for the accused.

3. The common rule of evidence in criminal cases is, that when several persons are jointly indicted, one is not a competent witness for the other. (12 How'd, 361; 1 Phillips' Ev. 74, &c.)

According to the common law rule of evidence, where several persons are jointly indicted, one is not a competent witness for the other, even where they are tried separately. (United States vs. Reed and Clements, 12 Howard, 361; Wharton's Amer, Crim. Law, 367; 1 Phil. Ev., 74..

There has been very little conflict in the decisions of the state courts on this question, but where the common law doctrine on the subject has not been changed by statute, the decisions are nearly unanimous in adopting the rule that regards such testimony as incompetent. (The people vs. Bill, 10 Johnson's Reports, 95; the people vs. Williams, 19 Wendell, 377; Campbell vs. Conn, 2 Virg. Cas., 314; the State vs. Alexander, 2 Rep. Const. Ct. So. Ca., 171; Pennsylvania vs. Leach, Addis., 352; State vs. Blannerhassett, Walker's Rep., 7, 16, 17; State vs. Mills, 2 Dev., 420; State vs. Smith, 2 Iredell, 402; Commonwealth vs. Marsh and Barton, 10 Pick., 57.

4. By our Criminal Code, (sec. 232,) the court

The existence of this rule of evidence is evidently recognized by the Criminal Code of this state. By section 232 it is provided that where two or more

persons are included in the same indictment, and the court is of opinion that the evidence in regard to a particular individual is not sufficient to put him on his defense, it must, on the motion of either party desiring to use such defendant as a witness, order him to be discharged from the indictment, and permit him to be examined as a witness. Now, this provision was wholly unnecessary, if a defendant has the right when he chooses to be tried separately, to use the testimony of another defendant, who has been jointly indicted with him, before the latter be either acquitted or convicted. But if the rule be, that where several persons are jointly indicted, one is not a competent witness for another, who is tried separately, without being first acquitted or convicted, then the propriety of the provision is obvious.

may permit one jointly indicted, where there is no sufficient proof against him to put him on his defense, at the instance of the other party indicted, to order his discharge, and permit such person to testify in behalf of such other person.

This rule of the common law seems to have been founded on public policy, as well as upon the general principle which excludes, as incompetent, all the parties to the record. The tendency of modern adjudications, as well as modern legislation, has been to enlarge the ·sphere of competency, and to permit many objections that were at one time regarded as affecting the competency of witnesses, to go to their credibility alone. But the rule of evidence under consideration, seems to be too firmly established by authority, sustained in this state, as it evidently has been, by legislative recognition, to be changed by judicial action, even if its justice and policy were more questionable than they appear to be. It must, therefore, be regarded as the law, until it be changed by statute, if such a change be deemed necessary and proper, by the legislative department of the government.

The position assumed on the part of the defendant, in the sixth instruction asked for, was obviously erroneous, and was therefore properly overruled by the court. The proposition it contained was, that if, in the opinion of the jury, one of the witnesses for the Commonwealth, by the name of Lloyd, was in-

they should find in any particular way. If they do or do not believe a particular part of the testimony, they should consider it together.

capable from age, blindness, or other cause, of so observing the accused as to enable him to identify him, with undoubted certainty, they should acquit the prisoner, unless they believed, beyond a reasonable doubt, that he was identified by other proof in the cause, independent of Lloyd's testimony. The effect of the instruction as asked, would have been to exclude Lloyd's testimony from the consideration of the jury altogether, if it alone was not sufficient to identify the accused, with undoubted certainty, as one of the persons who had committed the murder, although the jury might have regarded it as entirely sufficient for that purpose, in conjunction with the other testimony in the cause. The jury had an undoubted right to consider all the testimony together, and to give to each part of it such weight as, in their opinion, it was justly entitled to. The proposition that each part of it should be separately considered and passed upon by the jury, had neither the sanction of law nor reason to sustain it.

The principle of law announced by the court, "that if the jury believed that any material evidence known to a party was withheld by him, the presumption was that the fact, if proven, would operate against him," was substantially correct. It was properly substituted in lieu of the instruction asked for on the part of the defendant, which, by selecting out one or two facts from among many others that were proved, attempted to impart to them a weight and significance to which they were not entitled, when considered in connection with all the other testimony before the jury. There does not, therefore, seem to be any error in the record which would authorize this court to reverse the judgment of conviction.

Wherefore, the judgment is affirmed.