*STATE *versus* JAMES JONES AND GEORGE M. PIKE.

Where two are jointly indicted, and one only pleads guilty, his testimony is
admissible for the other respondent on his trial.

THE case was presented on EXCEPTIONS, taken by Jones,
to the ruling excluding the testimony of the co-defendant,
on his trial.

*Anderson & Webb,* for the prisoner.

The *Attorney General,* for the State, submitted the case
without argument.

The opinion of the Court was drawn up by

KENT, J. — The respondents were jointly indicted for in-
citing one Pendexter to set fire to and burn a building.   On
arraignment, Pike pleaded guilty and Jones pleaded not
guilty.   On the trial of Jones, he offered Pike as a witness,
who, being objected to by the government, was excluded
by the presiding Judge.   To this exclusion, Jones filed his
exceptions.

The general rule of law is, that parties to the record, in
a criminal case, cannot be witnesses for each other.   The
recent statute, (1861, c. 53,) removes all objection to the
witness on the ground of infamy, by reason of a conviction
for a criminal offence.   But this does not affect the question
arising from the fact that the witness is a party to the record.

There are, however, exceptions to the general rule.   One
is, that if no evidence is given against one of several joint
defendants, the Court may order his acquittal and he may be
used as a witness by them.   1 Hale's P. C., 306 ; 2 Hawk-
ins' P. C., c. 46, § 94 ; *Sawyer* v. *Merrill,* 15 Pick., 17.

The question in this case is, whether a co-defendant, after
a plea of guilty on his part, may be called as a witness by
the other defendant.   It seems to be settled that he cannot

* The opinion was the only paper in this case that was received by the Re-
porter.

be thus called whilst the charge in the indictment is pending and undisposed of against him. And this, whether he is to be tried separately or jointly, or at the same term, with his co-respondent, or not. *People* v. *Bills,* 10 Johns., 95; *Commonwealth* v. *Marsh,* 10 Pick., 57; *People* v. *Williams,* 19 Wend., 377. But, after a party has been adjudged guilty or not guilty by a verdict, or has voluntarily admitted his guilt by plea, he has no longer any interest in the proceedings in Court to determine the guilt or innocence of the others named in the indictment. " He has ceased to be a party to the issue to be tried." *Com.* v. *Smith,* 12 Met., 238.

If the defendant, who is offered as a witness, has been convicted by a verdict of guilty, he may be a witness for the others, before sentence, or, after sentence, if not thereby rendered infamous. The same result necessarily follows where he is convict by plea of guilty. *Regina* v. *Ford & al.,* 1 Carr. & Marshman, 111, (41 E. C. L. R., 66,) *Ballard* v. *Noaks,* 2 Pick., 45; Blackford, 119; Wharton's Am. Cr. Law, § 794. *Exceptions sustained.*

*New trial granted.*

APPLETON, C. J., RICE, DAVIS, WALTON and DICKERSON, JJ., concurred.