HENRY TAYLOR, PLAINTIFF IN ERROR, *v*. THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANT IN ERROR.

*Indictment — admission of testimony of one jointly indicted — Different counts charging different offenses — when allowed.*

The plaintiff in error was tried alone upon an indictment in which he was jointly indicted with one Butts; the latter had never been arraigned, nor had a *nolle prosequi* been entered as to him. Upon the trial, Butts was called as a witness on behalf of the people, no formal motion that he be admitted as a witness on their behalf having been made. Counsel for the plaintiff in error objected that he was no

a competent witness, having been jointly indicted with the plaintiff in error for the offense with which the latter was charged. *Held*, that the objection was properly overruled and his testimony admissible.

Where an indictment contains different counts, each of which technically describes a different offense, but it is apparent, from the general tenor of the indictment, that each count relates to the same transaction, and that the introduction of separate counts is not for the purpose of proving distinct offenses, but only for the purpose of meeting possible variances or defects of evidence, the court may in its discretion treat it as, in fact, an indictment for one offense, described in different ways.

WRIT of error to the Court of General Sessions of Wayne county, to review the conviction of the plaintiff in error of burglary in the first degree.

The defendant and one Alphonsus T. Butts were jointly indicted at the Wayne County Oyer and Terminer. The indictment was sent to the Wayne County Sessions for trial. The district attorney moved the separate trial of the defendant, and the same was there. had.

*J. H. Camp*, for the plaintiff in error.

*M. J. Greenwood*, for the defendants in error.

TALCOTT, J.:

The writ of error in this case brings up a record of a conviction for the crime of burglary in the first degree, before the General Sessions of Wayne county.

The plaintiff in error was jointly indicted with one Alphonsus T. Butts, as principal in the commission of the crime, but Butts was not arraigned on the indictment, and the trial was had upon the indictment against the plaintiff in error alone.

On the trial, Butts was called as a witness for the people, no *nolle prosequi* having been entered as to him, and no formal motion having been made that he be admitted as a witness in behalf of the people. The counsel for the plaintiff in error objected to the witness Butts being sworn, on the ground, that he was a party to the record, a co-defendant in the indictment with the plaintiff in error and indicted as a principal in the commission of the offense.

The court overruled the objection and allowed Butts to testify

as a witness for the prosecution, to which ruling the plaintiff in error excepted. Butts testified and gave most material evidence to substantiate the charge against the defendant. The counsel for the plaintiff in error insists that the ruling whereby Butts was permitted to testify was erroneous, and relies principally on *The People* v. *Donnelly* (2 Parker Cr. R., 182 ; S. C., 1 Abb., 459), as an authority to show that a party to the same indictment cannot be examined as a witness against another defendant to the same indictment, and on *Lindsay* v. *The People* (63 N. Y., 143). The case of *Donnelly* v. *The People* was expressly overruled in *Wixson* v. *The People* (5 Parker, 119), by the General Term of the seventh district, and in the latter case it was shown in a careful opinion by the late Mr. Justice KNOX, that it was only in cases where the defendants to the indictment were tried together, that one is an incompetent witness in behalf of the other. Such was the case of *Rex* v. *Rowland* (1 Ryan & Moody, 401), also cited by the defendant ; in the cases of *The People* v. *Bill* (10 Johns., 95) *People* v. *Williams* (19 Wend., 377), and *McIntyre* v. *The People* (9 N. Y., 38), and in those cases in other States which have been decided on the authority of *People* v. *Bill* (*supra*), such as *Commonwealth* v. *Marsh* (10 Pick, 57), and *Campbell* v. *Commonwealth* (2 Virginia Cases, 314), the witness was offered to be examined in behalf of a co-defendant. In the case of *Lindsay* v. *The People* (*supra*) a *nolle prosequi* had been already entered in behalf of the court as against Vader, who was indicted jointly with Lindsay for murder, and who was called as a witness for the prosecution. The intimation, therefore, in the opinion of ALLEN, J., that a *nolle prosequi* as to Vader was necessary in order to enable the prosecution to avail itself of Vader's testimony was *obiter*, as no such question arose in the case, and the objection of the counsel for the plaintiff in error in that case, that "an accomplice in the murder was not a competent witness for the prosecution was not tenable, because Vader having been wholly discharged from the indictment, was no longer a party to the record, and was a competent witness within the rule adopted by the General Term of the first district, in *The People* v. *Donnelly* (*supra*). In this case, the accomplice was not only not upon trial jointly with the plaintiff in error, but had not even been arraigned on the indictment, and moreover, he

was offered not in behalf of the co-defendant, but in behalf of the people. As is said in *Lindsay* v. *The People* (*supra*), "accomplices may in all cases, by permission of the court, be used by the government as witnesses in bringing their associates to punishment. * * * There is no practice in this State requiring a previous application or a formal order of the court to permit an accomplice to become a witness for the State." We must follow the decision of *Wixson* v. *The People* (*supra*), decided by the General Term of the seventh district, which is a case directly in point, especially as it disposes of a mere technical objection to the testimony of a witness, until it shall have been directly overruled.

The counsel for the plaintiff in error makes another objection to the conviction in this case, namely : that there is a misjoinder of counts in the indictment, and insists that the court below should have quashed the indictment for that cause, or should have compelled the prosecutor to elect upon which count the prisoner should be tried.

It is obvious that the indictment, though technically charging different felonies in the different counts, in fact relates to the same transaction, and is an attempt to describe the offense of the prisoner in different ways, in order probably to meet the possible evidence in the case as to whether the offense constituted a burglary, or only a robbery from the person. In such cases, it is held to be proper to charge the offense in this manner to meet any possible defect in the proof, and, therefore, it is a matter of discretion in the court below whether it will quash the indictment or compel the prosecutor to elect upon which count he will proceed. In *Kane* v. *The People* (8 Wend., 203, op. p. 211), the chancellor says : "In cases of felony, where two or more distinct and separate offenses are contained in the same indictment, the court in its discretion may quash the indictment or compel the prosecutor to elect on which charge he will proceed, but in point of law, it is no objection that two or more offenses of the same nature, and upon which the same or a similar judgment may be given, are contained in different counts of the same indictment. It therefore forms no ground of a motion in arrest of judgment, neither can it be objected by way of demurer or upon a writ of error." SEWARD, Senator, who delivered the only other opinion in the

case, came to the same conclusion (page 217) and the conviction was unanimously upheld by the Court of Errors.

In the *People* v. *Baker* (3 Hill, 159) the indictment contained three counts, one for receiving stolen goods, one for burglary and one for grand larceny, and the court refused to direct the public prosecutor to elect as to which charge the prisoner would be tried on, and the Supreme Court held that it was not erroneous, but discretionary with the court below. See, also, *The People* v. *Rynders* (12 Wend., 425); *People* v. *White* (55 Barb., 606).

Where the attempt is really made to put the prisoner upon trial for different felonies, the rule that a party can only be compelled to answer for one offense at a time will prevail, and in such a case, it would be proper to quash the indictment, or to compel the prosecutor to elect as to which offense the prisoner should be tried for — and this furnishes a good reason why the matter is, according to the cases cited, left to the discretion of the court. Each count in the indictment theoretically describes a different offense, but where it is apparent, "from the general tenor of the indictment that each count relates to the same transaction," and that the introduction of separate counts is not for the purpose of proving distinct offenses, but only for the purpose of meeting possible variances, or defects of the evidence to establish some one of the ingredients of the felony as described in a particular count, then the court can properly exercise a discretion to prevent a failure of justice and treat the indictment as it is, in fact, an indictment for one offense, described in different ways.

It is insisted that the law as laid down and deemed settled for years, has been much shaken if not overruled by the case of *The People ex rel. Tweed* v. *Liscomb* (60 N. Y., 559), but in that case the relator had been tried for several different offenses, committed at different times and under different circumstances, and the judgment of the court was greatly in excess of any judgment which it had the authority to pronounce on a conviction for a single offense. In regard to the questions presented in this case, ALLEN, J., at page 574, says: "Whether it was error to join in the same indictment counts for several distinct offenses, or whether the court should have compelled the prosecutor to elect between the several counts, are not questions that can be considered upon this hearing. * * *

In theory, every count in an indictment is for a distinct offense, but in fact, as is very well understood, in most cases several counts are resorted to, and the same offense stated in different forms and with different circumstances to meet the evidence that may be adduced upon the trial." Again, at page 576, " there is no objection to stating the same offense in as many different ways as may be deemed expedient. It cannot mislead the accused or embarrass him in his defense, or expose him to accumulated punishments."

So that it is quite clear that the Court of Appeals did not intend to interfere with the rule laid down in the authorities cited and others which might be referred to, when restricted to a description in different counts, of what the courts can see from the face of the indictment or learn from the statement of the public prosecutor are intended as different descriptions of the same transaction, with a view to meet possible evidence.

So in *Woodford* v. *The People* (62 N. Y., 117). The principle, that where there is in fact, but one transaction sought to be described, it may be done in different counts, is recognized and the case of *Regina* v. *Trueman* (8 Carr & P., 727), is referred to, where an indictment consisted of five counts for arson, charging the burning of five houses belonging to different persons. It was stated in the opening, that the houses were in a row of adjoining houses, and upon an application to compel the prosecution to elect, ERSKINE, J., says : "As it is all one transaction, we must hear the evidence. * * * I shall take care, that as the case proceeds, the prisoner is not tried for more than one felony," and in the same case there is a reference to a case in 20th Pickersgill (356) of an indictment held good, charging burglary with an attempt to commit larceny, and also larceny as distinct offenses, and various other illustrations of the rule, adopted by our courts in the cases before cited.

Manifestly, but one transaction is intended to be described in all the counts contained in this indictment, to wit: a burglarious entry of the dwelling-house of James Wright, and stealing from him by violence, a sum of money, and no attempt was made to prove any different offense, and we think upon the authorities as well as the reason of the thing, the refusal to quash the indictment or to compel the prosecution to elect, were within the discretion of the court.

· As only the two questions which have been considered are presented by the points which the plaintiff in error submits, and we think neither of them presents any ground for a reversal of the conviction, it must be affirmed.

Judgment for the defendants in error, affirming the conviction brought up by the writ of error.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Judgment for the defendant in error, affirming the conviction of the plaintiff in error.