Nov. Term,
1846.

COVERT
v.
NELSON.

COVERT *v.* NELSON.

Suit by the assignee of a sealed note against the maker. *Held,* that a judgment
recovered against the maker on the note as garnishee, in an attachment
against the payee, might be pleaded in bar of the suit, if the judgment was
rendered before the maker had notice of the assignment.

APPEAL from the *Johnson* Circuit Court.

DEWEY, J.—*Nelson,* the assignee of *Young,* the payee of a
sealed note, sued *Covert,* the maker, in debt on the note.
The defendant pleaded, that one *Vanarsdale* sued out a writ
of domestic attachment against *Young,* and caused the de-
fendant to be summoned as a garnishee; that he admitted his
indebtedness to *Young* on the note which is the foundation
of this action; that *Vanarsdale* recovered a judgment against
*Young,* and also a judgment against the defendant, as gar-
nishee, on the note, which judgment remained in full force,
&c. The plea sets out the proceedings in attachment, which
appear to be regular, and avers that the defendant had no
notice of the assignment of the note to the plaintiff, until
after the recovery of the judgment against him (the defendant)
as garnishee. The plaintiff demurred generally to the plea;
the demurrer was sustained; and a final judgment rendered
in favour of the plaintiff.

We think the plea constituted a good bar, and that the de-
murrer should have been overruled. The statute authorizes
a general and personal judgment against a garnishee in
attachment; and such is the judgment rendered against the
defendant. If that judgment is not a bar to this action, the
defendant will be compelled to pay the same debt twice.
We do not think that, under our statute, though it may be

*Thursday,*
*December 3.*

otherwise by the custom of *London*, satisfaction of the judgment against him, as garnishee, is necessary to enable the defendant to set it up as a defence to this action. See *Evans* v. *Darlington*, 5 Blackf. 320.

The assignment of the note on which he was garnisheed, and on which this action is founded, can make no difference, because he is entitled, by the statute, to all defences against the note in the hands of the assignee, which he could make against it in a suit by the payee, unless he had notice of the assignment before the matter alleged in defence originated. The plea alleges that he had no notice of the assignment until after the rendition of the judgment against him as garnishee.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. W. Wick* and *L. Barbour*, for the appellant.

*H.* and *H. Brown*, for the appellee.