SHETLER *v.* THOMAS.

In a suit by the assignee of a promissory note against the maker, a judgment recovered against the maker as garnishee, in an attachment proceeding against the payee or any prior holder of the note, may be pleaded in bar of the suit, if the judgment was rendered before the maker had notice of the assignment.

APPEAL from the *Kosciusko* Common Pleas.

*Tuesday,
June 4.*

DAVISON, J.—The appellee, who was the plaintiff, brought an action against *Shetler*, upon a promissory note for the payment of $200. The note bears date, *October* 8, 1855, and was payable to *Bennet Carr* and *James Carpenter*, who assigned it to one *David Denman*, who on *June* 26, 1857, assigned the same to the plaintiff. Defendant's answer contains three paragraphs. The first and second led to issues of fact. To the third there was a demurrer sustained. The Court tried the cause, and found for the plaintiff; and, having refused a new trial, rendered judgment, &c.

The action of the Court, upon the demurrer to the third paragraph of the answer raises the only question in the case. That paragraph alleges, substantially, these facts: " On *June* 24, 1857, *Francis Haskins et al.* instituted a suit in the *Kosciusko* Common Pleas against *Denman*, the plaintiff's assignor, upon a note for $800; and on the same day procured an attachment against his goods and chattels, and also filed their affidavit, alleging, *inter alia*, that *Shetler*, the present defendant, was indebted to *Denman*, the then defendant, on the same promissory note now in suit; and, thereupon, they procured a summons against *Shetler*, as garnishee, to appear at the then next term of the Court, and answer as to such indebtedness. It is averred that *Shetler* was summoned as garnishee, on *July* 2, 1857, and that, within five days thereafter he furnished the officer who served the summons with a certificate, to the effect that he had executed the note on which this suit is brought; that the same had been assigned to *Denman*, and was unpaid, and that he had no knowledge whatever of *Denman* having in any way transferred or assigned it; that at the next term of said Court, viz., on

May Term, 1861.

*July* 30, 1857, the plaintiffs in the attachment suit recovered a judgment against *Denman*, the then defendant, and also a judgment against *Shetler*, the present defendant, as such garnishee, on the note now in suit, for the full amount of its principal and interest. And he in fact says, that at all the times above stated, he had no notice or knowledge of assignment by *Denman* to the plaintiff.

,We perceive no ground upon which the decision of the Common Pleas upon the demurrer to the third defense can be sustained. The demurrer admits the facts pleaded. And they obviously constitute a sufficient bar to the action. The code says: " Whatever defense or set-off the maker of any promissory note had, before notice of assignment, against an assignor, or against the original payee, he shall have also against their assignees." 1 R. S., § 6, p. 378. In the Revision of 1843, there is a provision similar to the one just cited, and under it this Court has decided, that "in a suit by the assignee of a note against the maker, a judgment recovered against the maker of the note as garnishee, in an attachment against the payee, may be pleaded in bar of the suit, if the judgment was rendered before the maker had notice of the assignment." *Covert* v. *Nelson*, 8 Blackf. 265. This decision seems to be decisive of the case before us.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*James H. Carpenter*, *H. C. Newcomb* and *John Tarkington*, for the appellant.

