JUDGE HARDIN
delivered the opinion op the court :
L. C. and H. T. Pearce, as assignees of John A. Co-burn, recovered a judgment against James M. Coburn & Co., in the Mason circuit court, for $1,000, with interest froúi the 28th of January, 1859. Several executions issued on this judgment were returned by the sheriff “ no property found.”
The appellees, Currens & Owens, having in the meantime become indebted to J. M. Coburn & Co. in the sum of $6,440 76, the price of their hardware establishment, purchased of them on the 1st of July, 1859, gave their six notes to J. M. Coburn & Co., as follows:
*244 Two notes for $1,073 46 each, payable 1st of February, 1860; two notes for $1,073 46 each, payable 1st of August, 1860; and two notes for $1,073 46 each, payable 1st of February, 1861.
In March, 1860, L. C. and H. T. Pearce brought their suit in equity against James M.' Coburn & Co., and Currens & Owens, setting forth their judgment and return of “ no property found,” and alleging that Currens & Owens were indebted to James M. Coburn & Co. in an amount larger than their said judgment, with interest and costs, and asking that so much as necessary to pay their judgment and costs be attached in the hands of Currens & Owens, and adjudged to be paid to them. In this suit, said Currens & Owens having failed to answer the petition, it was taken for confessed as to them, and judgment was rendered against them as garnishees for the amount of the plaintiffs’ said judgment.
By the return on an execution issued on this judgment, it appears that Currens & Owens paid thereon, on the 15th day of August, 1860, the sum of $1,073 46.
A subsequent execution for the residue of the judgment, amounting, with sheriff’s commission, to $203 35, appears to have been replevied by Currens & Owens on the 7th day of September, 1860; and the replevin bond was afterwards assigned by the Pearces to H. Gilmore, who assigned it to John A. Coburn, the original holder of the debt on James M. Coburn & Co., and who appears to have continued to be the real owner of the debt, notwithstanding his assignment of the note to L. C. & H. T. Pearce.
On the 30th day of October, 1860, Currens & Owens brought this .suit in equity, and obtained an injunction to stay the collection of said replevin bond. By their petition and amendments thereto they seek to vacate or *245 modify the judgment against them, on the grounds that, when the same was rendered, they believed James M. Coburn, & Co. still held two of their said notes of $1,073 46 each, they having no notice of their assignment ; and failing, upon diligent inquiry, to learn that either of them have been assigned or transferred by Co-burn & Co., and hence failed to make defense, under the belief that the judgment would operate as a payment of so much of the amount of said two notes; but that, after the judgment was rendered, they were informed that one of said notes had been assigned by Coburn & Co., prior to the levy of the attachment, and was owned by George Cox, who afterwards brought a suit upon it and recovered the amount of it against them; and as but one of said notes remained in the hands of Coburn & Co., the judgment was in excess of their indebtedness to Coburn & Co. by $265 42, and that Coburn & Co. are insolvent.
They assign their mistaken belief aforesaid as a ground for relief in equity as “ accident or surprise, which ordinary prudence could not have provided against,” and the discovery of the fact that one of their notes for $1,073 was held by Cox instead of Coburn & Co., as newly-discovered “ evidence material for them, which they could not, with reasonable diligence, have discovered and produced at the trial.”
On final hearing, the circuit court rendered a judgment perpetuating said injunction, and that Ourrens & Owens recover their costs; and from this judgment this appeal is prosecuted.
The correctness of the judgment is questioned by the appellants on several grounds; but that which seems first to require our consideration is the objection that no sufficient reason was shown for re-examining the former *246 decision of the court so as to entitle the appellees to have the merits of their defense to the suit against them as garnishees adjudicated.
It is apparent, from the averments of the petition above referred to, that the appellees sought to bring their case within the ground prescribed by the 7th subdivision of section 369 of the Civil Code, or by the 7th subdivision of section 579 of the Code.
The first of these provides that a former decision may be vacated or a new trial granted because of “ newly-discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced on the trial.” And the other provides that the court shall have power, after the expiration of the term, to vacate or modify a judgment or final order by granting a new trial “for unavoidable casualty or misfortune, preventing the party from appearing or defending.”
We do not think the mere mistaken belief of the appellees as to the note held by Cox, though it may have lulled them, can be properly regarded as such an unavoidable casualty or misfortune as is contemplated by the foregoing provision of the Code; and we are aware of no other provision of the Code or established rule of practice which confers on the circuit court the revisory power exercised in this case, upon the grounds disclosed by the appellees, unless such power is conferred by said 7th subdivision of the 369th section of the Code.
Assuming, as we think we are authorized to do by the evidence, that when the judgment was rendered against the appellees as garnishees, they were wholly without notice that Coburn had transferred the note then in the hands of Cox, the inquiry then arises, whether or not the fact subsequently discovered was both material for the *247 appellees and such as they could not, with reasonable diligence, have discovered and produced on the trial; for it is unimportant whether the fact could have been discovered with reasonable diligence or not, if it was not material for the appellees to protect themselves against loss after the judgment had been rendered against them. It cannot be controverted that, but for the attachment, the appellees, having no notice of the assignment, might safely have paid their debt to the original payees at the date of the judgment; and having such right, it seems to us the judgment which transferred their liability to the Pearces was equivalent to a payment to Coburn & Co., and operated to extinguish so much of their liability on the note in the hands of Cox as was embraced by the judgment; and although a different decision was made by the circuit court in the suit of Cox against the appellees, as the appellants were not parties to that suit, the judgment did not conclude them from relying, as they do in this case, that notice from Cox of said assignment, after the rendition of the judgment for the appellants, was an . immaterial fact, and not necessary for the protection of their rights. Whether, therefore, the appellees could or not, by reasonable diligence, have discovered the fact that Coburn & Co. had transferred said note, we are of the opinion that the facts alleged and proven by the appellees were not sufficient to authorize the court to vacate or modify its former judgment.
This conclusion renders the consideration of other questions unnecessary.
Wherefore, the judgment is reversed, and the cause remanded, with directions to dissolve the injunction with damages and dismiss the petition.