## GREENMAN ET UX. *v.* FOX.

PLEADING.—*Foreclosure of Mortgage.*—*Debt but Partially Due.*—*Garnishment Proceedings.*—*Mortgagor Garnisheed in Suit against Mortgagee.*—In a complaint by the mortgagee against the mortgagor, to foreclose a mortgage given to secure the payment of promissory notes, only a part of which

are due, it is a sufficient plea in bar to aver that, prior to such foreclosure suit, in a suit by a third person against such mortgagee, a judgment was rendered against him from which he appealed to the supreme court where it is still pending, and that, in such suit, upon attachment and garnishment proceedings, it being found that such mortgagor was indebted to such mortgagee on such mortgage debt, a judgment was rendered in favor of such third person against the mortgagor, as garnishee of such mortgagee, for a sum in excess of the amount of the notes now due such mortgagee from such mortgagor.

From the White Circuit-Court.

*J. H. Matlock, A. W. Reynolds* and *E. B. Sellers,* for appellants.

*R. C. Gregory, W. B. Gregory* and *R. Gregory,* for appellee.

Biddle, J.—Complaint on six promissory notes secured by mortgage. Only one note was due at the commencement of the suit. Answers were filed, issues joined and proceedings had, which resulted in a judgment on the notes, and foreclosure of the mortgage, in favor of appellee. The defendants below appealed. The only question presented, and debated by the parties, is as to the sufficiency of the third paragraph of the answer, which is pleaded in abatement, and contains, substantially, the following averments :

That John M. Kerper, guardian of William W. Adams, filed his complaint against the said appellee, in the White circuit court, alleging that defendant was indebted to the plaintiff in the sum of four thousand dollars, on a certain written agreement; that proceedings in attachment were also commenced, as incident to said suit, by affidavit, bond, etc., upon which a return was had of no property found, whereupon said Rensselaer Greenman was made a garnishee-defendant, duly summoned, and required to answer as to his indebtedness to said Fox. That the venue was changed to the Tippecanoe civil circuit court, in which proceedings were had and judgment rendered against Fox for the sum of one thousand eight hundred and ninety-four dollars and sixty-one cents, and costs, from

which Fox appealed to the supreme court, wherein the appeal is still pending. That further proceedings were had, and judgment rendered in favor of said Kerper, and against said Fox as garnishee-defendant, for eight hundred and fifty-seven dollars and twenty-eight cents, and costs of the garnishment, directing the application of the amount. That said garnishee proceedings were then continued in the said civil circuit court, wherein they are still pending. That said indebtedness is identical with the indebtedness claimed in this action, and that the sum therein found due exceeds the amount due to the said Fox. Afterwards, an amendment was made to this paragraph, showing subsequent proceedings in the attachment suit, wherein the judgment rendered against Greenman, the garnishee, was increased to the sum of one thousand six hundred and eighty-one dollars and nine cents, all of which is alleged in due form and with proper dates, etc.

To this paragraph, a demurrer, alleging as cause the insufficiency of the facts therein stated, was sustained, and exceptions taken to the ruling.

According to the decisions of this court, this paragraph is good as an answer in bar. *Covert* v. *Nelson,* 8 Blackf. 265; *The Junction R. R. Co.* v. *Cleneay*, 13 Ind. 161; *Shetler* v. *Thomas*, 16 Ind. 223. See, also, *Embree* v. *Hanna*, 5 Johns. R. 101. The question then is presented, is it sufficient in the present case?

The statute provides that, "Whenever a complaint is filed for the foreclosure of a mortgage upon which there shall be due any interest or instalment of the principal, and there are instalments not due, if the defendant pay into court the principal and interest due, with costs, at any time before final judgment, the complaint shall be dismissed; etc. 2 R. S. 1876, p. 263, sec. 637. We think, in a case of this kind, where some of the instalments are not due, if the defendant can plead matter which answers the complaint as to the amount that is due, it is equiva-

lent to paying into court the amount, principal and inter-
est, due, with costs, and that the complaint is thereby
fully answered. In this paragraph under consideration,
the amount of the judgment against the appellant, as
garnishee in the attachment proceedings, is more than
the amount due on the first note sued upon in this case;
and therefore we think it is a good answer to the whole
complaint. It is plain, that if this first note had been
paid before suit brought, no action could have been
maintained on the remaining notes, at the time this suit
was commenced; and plain by the statute, that if
after the suit had been commenced, the defendant had
paid the note, with costs, the complaint should have
been dismissed; and we can not see why matter of
sufficient answer to the note, existing before suit brought,
and pleaded to the complaint, should not have the same
effect. If we are right in this view, the court erred in
sustaining the demurrer to the third paragraph of answer.
A personal judgment can not legally be rendered for a
debt which is not due.    *Skelton* v. *Ward*, 51 Ind. 46.

The judgment is reversed, with costs, and cause re-
manded, with instructions to proceed according to this
opinion.

Petition for a rehearing overruled.