THOMAS J. CAMPBELL, APPELLEE, v. WILLIAM NESBITT AND FELICIA A. HOLMES, APPELLANTS.

1. **Estoppel.** Generally, whether acts or admissions of a party shall operate by way of estoppel or not, must depend upon the circumstances of each case, and therefore there can be no fixed and settled rules of general application to regulate estoppel *in pais*, as in technical estoppels.

2. **Attachment of Note and Mortgage.** The attachment of a note and mortgage debt is in effect a seizure of the same, and in law is regarded as an assignment to the attaching creditor of such note and mortgage, and gives such creditor the same right to enforce the payment of the money from the garnishee as the debtor himself previously had.

3. ————: RIGHTS OF ATTACHING CREDITOR. The attaching creditor cannot be deprived of the right acquired by virtue of his attachment, in such case, unless by a person who has previously acquired a valid right to the property thus attached.

APPEAL from a decree rendered by POUND, J., foreclosing a mortgage, given by Nesbitt to Bennett, and by him assigned to plaintiff, upon certain lands in Nemaha county.

*J. H. Broady*, for appellants, cited *Nesbitt v. Campbell*, 5 Neb., 429. *Board v. Scoville*, 13 Kan., 32. *Marchand v. Bell*, 21 La. Ann., 33. *McDermot v. Donegan*, 44 Mo., 85. Estoppels *in pais* are not favored. They operate to deprive a man of his property without consideration or consent, and do not obtain except when the conduct is fraudulent, or grossly negligent, showing such utter disregard of the rights of others as in law amounts to fraud. Bigelow on Estoppel, 441 and 467. *Henshaw v. Bissell*, 18 Wall., 271. *Spencer v. Carr*, 45 N. Y., 406. *Wilcox v. Howell*, 44 N. Y., 398. *Holden v. Putnam Ins. Co.*, 46 N. Y., 1. *Roe v. Jerome*, 18 Conn., 138. But suppose there is an estoppel against Nesbitt. There is none against defendant Holmes. As to her the case is precisely the same as if the subject of estoppel was not in the controversy at all, and never had been. She placed that note and mortgage into the custody of the law by her garnishment. Drake on Attachments, 453. By her garnishment she also obtained a vested right and privilege in that mortgage—her only security of which, by the decision of the district court, she is deprived without fault on her part, and without title thereto on the part of him to whom the district court gave the same. Creditors are entitled to better application of the fruits of their diligence. *Brashear v. West*, 7 Peters, 621. *Weil v. Tyler*, 38 Mo., 545.

*W. T. Rogers*, for appellee.

No brief on file.

GANTT, CH. J.

This is a foreclosure case, and is brought into this court upon appeal. The note and mortgage in the case were executed by defendant William Nesbitt to one Samuel Bennett. The note became due on the tenth day of March, 1872. In 1872 and 1873 the defendant Felicia A. Holmes recovered judgments against Samuel Bennett and J. F. Bennett, and on the third of July, 1874, by proper process, she attached the debt due Samuel on the above note and mortgage, and summoned defendant Nesbitt as garnishee. On the third of August, 1874, defendant Nesbitt filed his answer to the garnishment, and admitted there were about seventeen hundred dollars due Samuel Bennett on the note and mortgage, which had then been due about two years. On the sixth of October, 1874, at a regular term of the district court it was "ordered by the court that the said William Nesbitt do pay to the said" Felicia A. Holmes the sum of $945.57, being the amount remaining unpaid on her judgment against Samuel Bennett. And on the seventeenth of November, 1874, Samuel Bennett assigned the note and mortgage to the plaintiff, Thomas J. Campbell.

The plaintiff testified, that in the last of October, 1874, he and Daniel Bennett, son of Samuel Bennett, went to see Nesbitt; that he then "asked him if that note and mortgage were all right, and he said it is all right, go ahead; that he was looking to have $800 in a few days from Illinois—may be $1,000, and he would get it all and would pay me." This conversation is admitted by Nesbitt in his testimony; but he testifies further, that at the time of the October term, 1874, of the district court, and for some time, he was in Illinois, and that shortly after his return home, in that month, the Bennetts informed him, in his precinct, that nothing was done in the proceedings against him as gar-

nishee, and that he believed they told him the truth about the matter. Under these facts, the court below found that Samuel Bennett was .the owner of the note and mortgage at the time of the garnishment, and continued to be the owner of the same up to and until the transfer of the same to the plaintiff; that defendant Nesbitt is estopped from making any defense against the plaintiff in this action, and that the rights of defendant Holmes, acquired by said proceedings in garnishment, are not such as can be made the foundation of a defense against the action of foreclosure by the plaintiff; and found all the other issues in favor of plaintiff, and rendered a decree generally for plaintiff.

In regard to estoppels *en pais*, it is said that from the manner in which a party must avail himself of them, it is obvious that there can be no fixed and settled rules of general application to regulate them, as in technical estoppels; that in many and probably most instances, whether the act or admission shall operate by way of estoppel or not, must depend upon the circumstances of each case. "The doctrine .of estoppel *en pais* is founded upon principles of equity and justice, and is only applied to conclude a party by acts or admissions, intended to influence the conduct of another, when in good conscience and honest dealings he ought not to be permitted to gainsay them." *Wilcox v. Howell*, 44 N. Y., 402; 8 Ward, 484; 6 Adolph & Ellis, 469.

Now, from the circumstances under which the declarations were made by Nesbitt in the conversation with plaintiff as above mentioned, it seems clear that what he said can only be referred to an honest and proper motive, and not to any bad faith, or intention to influence the conduct of the plaintiff by willful misrepresentations. But as Nesbitt has not paid the sum attached in his hands, he has no defense to the payment of this portion of the note and mortgage debt; and there-

fore the only matter that concerns him is, that he shall be protected against the payment of this sum to both plaintiff and the attaching creditor, Holmes.

There is, however, no difficulty in this respect, for by the attachment there was in legal effect a seizure of the note and mortgage belonging to Samuel Bennett to the extent due from him to Holmes, the attaching creditor; and, in law, this seizure is regarded as an assignment of so much of the note and mortgage debt to the attaching creditor, Holmes; and gives to her the same right to enforce the payment of the money by the garnishee that the debtor, Bennett, previously had. And the attaching creditor cannot be deprived of this vested right acquired by her attachment, except by a person who had previously acquired a valid right to the property thus attached. *Rushton v. Rowe*, 64 Pa. St., 65. *Board of Education v. Scoville*, 13 Kan., 32. *Edgarton et al. v. Hanna et al.*, 11 Ohio St., 323. *Giddings v. Coleman*, 12 N. H., 153. Therefore, F. A. Holmes is entitled to be paid out of the note and mortgage debt the sum of $945.51, with interest thereon from October 6th, 1874, and to a decree for that amount, she having, by virtue of the proceedings in garnishment, become the owner of that amount of the note and mortgage debt.

The finding must be, first for defendant Holmes for $945.51, with interest thereon from October 6th, 1874, amounting, with principal and interest, to the sum of $1,276.43; and second, in favor of plaintiff for the residue of the note and mortgage debt with interest thereon. Decree and order of sale of premises

ACCORDINGLY.