SMOCK ET AL. *v.* BRUSH.

STATUTE OF FRAUDS.—*Contract to Pay Debt of Another.*—*Parties.*—A., being employed by a merchant to sell merchandise for cash only, with a verbal agreement that he should be personally responsible to his employer for all uncollectible accounts of sales made by him on credit, sold a bill on

account to one. on a written order addressed to him by B., charging the same against the latter in the account book of his employer, and then, without having paid or assumed the same, brought an action therefor, in his own name, against B.

*Held,* that such verbal agreement between A. and his employer was within the statute of frauds, and therefore void, and that such action could be maintained only by the employer.

From the Marion Circuit Court.

*H. C. Allen,* for appellants.

*J. C. Green* and *J. C. Pearson,* for appellee.

NIBLACK, C. J.—John T. Brush sued William C. Smock and one Draper, before a justice of the peace, on an account for merchandise.

The plaintiff recovered judgment before the justice.

In the circuit court, to which the cause was taken by appeal, the plaintiff again had a finding and judgment in his favor.

A motion for a new trial raised the question of the sufficiency of the evidence to sustain the finding of the court.

On the trial the plaintiff offered himself as a witness and testified as follows:

" I am the plaintiff in this action.   My business is gentlemen's furnishing goods.   The account sued upon is correct. There is due and unpaid upon said account the sum of fifty dollars and five cents.

" Mr. Draper bought the goods upon a written order from Mr. Smock, which was introduced in evidence :

" ' Mr. Brush :   I will be surety for Mr. J. H. Draper for any clothing that he may want to buy.   He has been in my employ for some time, and I know him to be O. K.

" ' February 12th, 1876.          WILLIAM C. SMOCK.'

" I don't know Draper.   It was upon the faith and credit of the order that I let him have the goods."

Upon a cross-examination, the plaintiff further testified :

" I sold the goods for Owen, Pixley & Co., who owned the goods sold and the store, at that time.   I sold the goods

to Draper on receipt of the attached order. Did not sell any of them to Smock, nor for his use. I was not a member of the firm when the goods were sold, but was simply selling the goods for them. I have not bought the account sued upon, nor has it been assigned or transferred to me in any way. I was simply acting for said firm in selling these goods for them. The account sued upon is charged upon the books, viz. :

"'William C. Smock,　　　　　　　　　　　　　Dr.

"'To merchandise,' etc.

"I kept no account personally, nor in my name, of the goods sold as set forth in the account sued upon. I have no personal account with the defendants, and have not had."

The plaintiff further testified that he had an arrangement with the firm to sell for cash only, and if he sold on credit he was personally responsible to the firm in case the debt could not be collected; that this arrangement with the firm was a verbal one merely, and that no books were kept between him and the firm; that he had not paid for the goods sold to Draper, but would have to do so if the bill for them could not be collected; that he had not charged himself with such goods in any way, and, if the money was collected for the goods, he would turn it over to the firm.

This was the substance of all the evidence given in the cause.

Our code provides, that "Every action must be prosecuted in the name of the real party in interest," excepting only cases of executors, administrators, trustees of an express trust and persons expressly authorized to sue by statute. 2 R. S. 1876, pp. 33, 34, secs. 3 and 4.

The case at bar does not come within any of the exceptions above enumerated, and hence necessarily falls within the general rule laid down by the code.

We think it was most clearly shown by the evidence, that Owen, Pixley & Co. were the parties, and only parties, entitled to sue in this action, and that, in legal contemplation, Brush, the plaintiff, had no interest whatever in the subject-matter of the controversy. A merely verbal understanding that the plaintiff was to be responsible for the debt, if it could not be collected, was within the statute of frauds and not binding on him, and did not, in any event, confer any ownership of the debt upon him.

Under the facts as testified to by the plaintiff, whatever liability may have been incurred by the defendants, or either of them, on account of the sale of the goods to Draper, inured to the benefit of Owen, Pixley & Co., and not of the plaintiff. There was nothing showing the plaintiff to have been even a proper nominal party to the action, much less a real party in interest.

We are, therefore, of the opinion, that the court erred in overruling the motion for a new trial.

The judgment is reversed, at the costs of the appellee, and the cause remanded for further proceedings not inconsistent with this opinion.