## CANADAY v. DETRICK ET AL.

ATTACHMENT.—Garnishee.—Promissory Note.—Notice of Assignment.—A judgment rendered against the maker of a promissory note, as garnishee in

an attachment proceeding against the payee, is a good defence, to the extent of such judgment, to an action against the maker, by an assignee, upon such note, if, at the date of such judgment, the maker had no notice of the assignment.

SAME.—*Parties.—Interpleader.*—It is not necessary in such action to make the attachment creditor a party thereto.

From the Madison Circuit Court.

*H. Cravens* and *W. R. Pierse,* for appellant.

*R. Lake,* for appellees.

BIDDLE, J.—The record in this case is confused and irregular, but we believe it contains the merits of the controversy, which we endeavor to extract, as follows :

On the 18th day of February, 1871, Stephen R. Wiggins, Charles O. Wiggins and John D. Wiggins commenced attachment proceedings, before a justice of the peace, against Henry Coverston, and summoned Josiah Canaday, the appellant, as a garnishee, to answer as to his indebtedness to Coverston. Canaday appeared and was examined.

Upon the examination he admitted that he was indebted to Henry Coverston, on a promissory note to become due thereafter.

The justice adjudged that Canaday was so indebted to said Coverston upon said note, and ordered Canaday to pay the same for the benefit of the judgment creditors in the attachment suit against Coverston. In the mean time Coverston had endorsed the note against Canaday to Abraham Detrick, of which endorsement Canaday had no notice at the time the judgment in the garnishment was rendered against him. These facts we gather from the evidence, which is all before us in a bill of exceptions.

On the 5th day of February, 1872, Detrick commenced this suit in the court of common pleas, on the note made by Canaday to Coverston, and endorsed by him to Detrick.

Canaday appeared to the complaint and answered, setting up the attachment proceedings, and the judgment therein against him as garnishee, and paid the amount into court, asking that the attachment creditors be required to interplead with Detrick and Coverston, and that the court adjudge to whom the money should be paid.

The court ordered that the judgment creditors be made defendants to the suit. Under this order they filed their answer. No reply was filed to either answer.

Upon this anomalous issue the court tried the case, found in favor of Detrick, and rendered judgment against Canaday, without any finding or judgment as to whom the money belonged, thus leaving Canaday with a judgment before the justice of the peace against him in favor of the attachment creditors, and a judgment against him in favor of Detrick in the court of common pleas, to all of which he excepted, and appealed from the judgment to this court.

These proceedings can not be sustained. It was unnecessary to make the attachment creditors defendants to Detrick's suit. This part of the proceedings, however, would have been harmless, if the court had not rendered judgment against Canaday. Canaday's answer was good, and was clearly proved, as shown by the evidence. A judgment against a garnishee in an attachment proceeding is a good defence to an action against him by the attachment defendant on the same cause of action, to the extent of the judgment in the garnishment. *Shetler* v. *Thomas*, 16 Ind. 223; *Schoppenhast* v. *Bollman*, 21 Ind. 280; *Barton* v. *Allbright*, 29 Ind. 489; *The Ohio and Mississippi R. W. Co.* v. *Alvey*, 43 Ind. 180; *Greenman* v. *Fox*, 54 Ind. 267.

The judgment is reversed, at the costs of the appellees; cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings according to this opinion.