**ELSTON ET AL. *v.* GILLIS ET UX.**

ATTACHMENT.—*Garnishment.*—*Promissory Note.*—*Notice of Assignment.*—
A judgment rendered against the maker of a promissory note, as garnishee
in an attachment proceeding against the payee, is a good defence to the
extent of such judgment, to an action against the maker, by an assignee
of such note, if, at the date of such judgment, the maker had no notice of
such assignment.

From the Montgomery Circuit Court.

*S. Wallace, G. D. Hurley* and *B. Crane*, for appellants.

*P. S. Kennedy, B. T. Ristine, T. H. Ristine* and *H. H. Ristine*, for appellees.

BIDDLE, J.—The appellants brought this suit, against the appellees, upon a promissory note made by David Gillis and Emma Gillis, secured by a mortgage executed by the same parties on certain lands. The note is payable to William L. Lee, and assigned by regular endorsements to the appellants. David Gillis answered as follows:

That, on the 12th day of July, 1876, George W. Conrad instituted a suit in the Montgomery Circuit Court against William L. Lee, the payee of the note sued on; that on the same day Conrad procured an attachment on the goods and chattels of Lee, and, on affidavit, sued out a writ of garnishment against the said Gillis, requiring him to appear in said cause to answer as to his indebtedness to the said Lee; that such proceedings were had in the case that judgment was rendered against Lee, and also against this defendant, as garnishee, at the September term, 1876, for the sum of three hundred and twenty-four dollars and ninety-five cents; that, at the time said judgment was rendered against him as garnishee, he had no notice or knowledge whatever that Lee had assigned said note to the plaintiffs, or any other person; that, as to the said sum of three hundred and twenty-four dollars and ninety-five cents and costs, with interest, he is still liable on said judgment of

garnishment, and as to which amount he is not liable to the plaintiffs, all of which is pleaded with full averments.

A demurrer for want of facts was overruled to this answer, and, as it is the determining question in the case, we set out no other part of the pleadings. Trial by the court; finding for appellants; motion for a new trial overruled; judgment; appeal.

The only assignments of error in this court are:

1. Overruling the demurrer to the above answer of David Gillis; and,

2. Overruling the motion for a new trial.

The law is settled in this State that a judgment rendered against the maker of a promissory note, as garnishee, in an attachment proceeding against the payee, is a good defence to the extent of such judgment, to an action against the maker, by an assignee of such note, if, at the date of such judgment, the maker had no notice of such assignment. The case of *Canaday* v. *Detrick*, 63 Ind. 485, is in point and is well fortified by the following authorities: *Shetler* v. *Thomas*, 16 Ind. 223; *Shoppenhast* v. *Bollman*, 21 Ind. 280; *Barton* v. *Allbright*, 29 Ind. 489; *The Ohio and Mississippi R. W. Co.* v. *Alvey*, 43 Ind. 180; *King* v. *Vance*, 46 Ind. 246; *Greenman* v. *Fox*, 54 Ind. 267; *Earl* v. *Matheney*, 60 Ind. 202.

The only question raised by the motion for a new trial, arises upon the admission of the attachment proceedings, over the objections of the appellants, to prove the averments in the answer of David Gillis. It is therefore the same question in principle as that just decided upon the demurrer to Gillis' answer. Nor is it claimed to be any different by the counsel for appellants.

There is no other question in the case.

The judgment is affirmed, at the costs of the appellants.