Filed Feb. 28, 1888.

No. 13,089.

## BOSTWICK ET AL. *v.* BRYANT.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION.—*Judgment in, as Defence to Action on Promissory Note.—Principal and Surety.—Assignment.—Notice.*— Where, in proceedings supplementary to execution, a judgment is rendered against the principal maker of a non-negotiable promissory note, before notice of an assignment of it, requiring him to pay a certain part thereof to the judgment creditor of the payee, such judg-

Bostwick *et al. v.* Bryant.

ment may be pleaded as a defence, *pro tanto*, by both the principal and his sureties, to a subsequent action on the note by either the payee or his assignee.

SAME.—*Identification of Debt.—Mistake in Description.—Parol Evidence.*—A party summoned to answer as to his indebtedness to a judgment debtor, in proceedings supplementary to execution, may, in a subsequent action against him on the debt by the payee or his assignee, by parol proof identify the debt for which he was charged with that on which he is sued, and a mistake in describing the debt in the supplementary proceedings may be shown.

CIRCUIT COURT.— *Terms of.— Judicial Notice.— Judgment.— Presumption.*— Where the statute provides that the spring term of the circuit court shall begin in a county the latter part of May and continue six weeks, and as much longer as may be necessary, the Supreme Court can not judicially know that a judgment rendered on July 18th was rendered in vacation; but, if nothing is shown to the contrary, it will presume that the court was regularly in session.

PARTIES.—*Promissory Note. - Real Owner.— Answer.— Verification.*—An answer that a note sued on was assigned to the plaintiff "without consideration, and solely for the purpose of collecting the same for the benefit and use of the payee, who is the real owner," is good, under section 251, R. S. 1881, and, being a plea in bar, need not be verified.

From the Elkhart Circuit Court.

*J. H. Baker, F. E. Baker* and *J. H. Defrees,* for appellants.

*H. C. Dodge,* for appellee.

ZOLLARS, J.—This action by appellee against appellants is upon a promissory note for $300 executed by them to Anna S. Bloomer and by her assigned to appellee. The note is not payable at a bank, and hence is not governed by the law merchant.

The first paragraph of the answer by appellants was as follows:

"The defendants for first answer admit the execution of the note in suit, but for partial answer in defence say, that said note was executed by Thomas J. Bostwick as principal, and Samuel F. Bostwick and Benjamin F. Stephens as sureties therein, the said Thomas J. Bostwick having received

the whole consideration for which said note was executed, and Samuel F. Bostwick and Benjamin F. Stephens having received no part thereof, which fact of suretyship was well known to Anna S. Bloomer, the payee of said note, at the time of its execution. And these defendants aver that Elias S. Isom and George H. Foote became and were the owners of the debt evidenced by the note in suit for the whole amount thereof, except the costs of suit, in manner following, that is to say: that on the 15th day of June, 1884, said Isom and Foote duly recovered a judgment in the circuit court of Elkhart county, Indiana, for the sum of thirteen hundred dollars and sixty-five cents, and costs, against the payee of the note in suit, Anna S. Bloomer; that an execution was duly issued by the clerk of this court to the sheriff of Elkhart county against said Anna S. Bloomer on said judgment, and said execution was duly returned by the sheriff of said county, properly endorsed 'no property found whereon to levy;' that the said Isom and Foote thereupon instituted proceedings in this court supplementary to execution on said judgment against said Anna S. Bloomer, who was duly notified of the pendency of said proceedings; that in the said proceedings the said Isom and Foote alleged, among other things, that the said Thomas J. Bostwick was indebted to the said Anna S. Bloomer in the sum of three hundred dollars, and notice was duly served on said Thomas J. Bostwick to appear and answer as to his said indebtedness to said Anna S. Bloomer; that in obedience to said notice the said Thomas J. Bostwick appeared and answered, admitting that he owed and was indebted to said Anna S. Bloomer in the sum of three hundred dollars as alleged; that the debt so admitted by him to be due and owing to said Anna S. Bloomer was the identical debt and money evidenced by the note sued upon in this action, but that said Thomas J. Bostwick, not having the said note before him, and not having seen the same for a long time, by mistake and inadvertence misdescribed the date of said note, and he also gave the rate of interest in his said

answer as eight per cent., which was correct, for the reason that the defendant, Thomas J. Bostwick, who was the principal debtor in said note, and the other makers sureties merely, had made an agreement with said payee of said note three years before that time that only eight per cent. interest should be paid on said note.   And the defendants further say that such proceedings were further had that this court duly adjudged, on the 18th day of July, 1884, that the said Thomas J. Bostwick was indebted to the said Anna S. Bloomer in the sum of three hundred dollars, and that he should pay to said Isom and Foote, of said debt so due and owing by him to said Anna S. Bloomer, the sum of one hundred and thirty-seven dollars and ninety-six cents, and costs, and that it should be credited and held as a payment on said note in suit, which judgment is yet in full force, unreversed and unappealed from ; and the defendants aver that the judgment aforesaid was rendered against the said Thomas J. Bostwick before he had any notice of the assignment of said note to the plaintiff, and that such assignment to the plaintiff was wholly voluntary.   Wherefore the defendants ask that they have credit on said note in the sum of two hundred dollars, and other relief."

Appellants have assigned as error the sustaining of a demurrer to the foregoing answer.   This assignment suggests several questions:

*First.* Could the order or judgment against Thomas J. Bostwick in the supplementary proceedings have been made available by him as a defence *pro tanto*, in an action upon the note by the payee, Anna S. Bloomer ?

*Second.* If so, may he avail himself of the same defence against appellee, the assignee of the payee ?

*Third.* May the other appellants, as sureties for Thomas J. Bostwick, avail themselves of the order or judgment against him in the supplementary proceeding as a defence to this action ?

*First.* The statute provides that upon a proper affidavit a

person indebted to a judgment defendant may be required to appear and answer concerning such indebtedness ; and that upon the hearing the judge of the court may order any property of the judgment debtor, or any debt due to the judgment debtor, to be applied to the satisfaction of the judgment, and that such judge shall have power to enforce all orders and decrees in the premises by attachment or otherwise.   R. S. 1881, section 819, *et seq.*

It has been held that a proceeding supplementary to execution, under the above statute, is a civil action within the terms of the civil code.   *Burkett* v. *Holman*, 104 Ind. 6 ; *Burkett* v. *Bowen*, 104 Ind. 184 ; *Baker* v. *State, ex rel.*, 109 Ind. 47. And so, it has been held, that an adjudication in such a proceeding is a valid plea of *res adjudicata. Baker* v. *State, ex rel., supra.*   In Freeman on Judgments, section 327, it is said :   " If the parties to such a proceeding, as between themselves and privies, are not estopped from again litigating the same matters in another form of action, the whole proceeding would be but a judicial farce, accomplishing no useful end. It is too plain for argument, that after an adjudication in such a proceeding, in reference to the liability of property to be applied to the satisfaction of the execution, the only remedy left either of the parties is by taking an appeal, and that while the adjudication remains in force, both parties are estopped from litigating the same question, in any other case or by any other form of proceeding."

The statute, as we have seen, provides that the judge of the court may make an order in relation to the property of the judgment debtor, and the debts due to him, and may enforce all orders and " decrees" by attachment or otherwise.

Whether the decision and determination as to the debt due to the judgment debtor be called an order or decree, the final determination in relation to such debt, and the payment of it to the plaintiff in the proceeding, are in such sense a judgment that it may be pleaded as a defence, *pro tanto*, to an action by the judgment debtor against the third person for

the same debt which he was ordered to pay to the plaintiff in the proceeding—the creditor of the judgment debtor. Such order, decree or judgment, whatever it may be called, is binding and conclusive upon the parties so long as it is in force. While it stands, the debtor of the judgment debtor has a right to demand that he shall not be subjected to double liability, or, which is the same thing, that he shall not be subjected to two judgments for the same debt. To hold him liable upon the order or judgment in the supplementary proceeding, and upon the original cause of action, would be to double his liability as to the amount of the judgment. Very clearly, a payment of the judgment would decrease his liability, *pro tanto,* upon the original cause of action. Under the decisions of this court, and the courts of other States upon analogous cases, Thomas J. Bostwick, the principal maker of the note in suit here, against whom judgment was rendered in the supplementary proceedings, could plead that judgment as a defence, *pro tanto,* to an action against him upon the note by Anna S. Bloomer, the payee. *Rooker* v. *Daniels,* 5 Ind. 519.

The proceeding supplementary to execution under our statute, in reaching credits of the judgment debtor, is very similar to the proceeding by attachment and garnishment. It is provided by the statute authorizing garnishment, that the court, upon determining that a person is indebted to the attachment defendant, may order him to pay such indebtedness into court. It is also provided that the court, upon final hearing, may give judgment in favor of the attachment plaintiff against the garnishee, which may be enforced by execution. R. S. 1881, sections 941, 947.

In a supplementary proceeding, the order or judgment of the court against a debtor of the judgment debtor may be enforced by attachment or " otherwise." In a proceeding in garnishment, the judgment of the court against the garnishee, indebted to the attachment defendant, may be enforced by execution. The difference between the judgments, and the

manner of enforcing them in the two proceedings, is not sufficient to require a holding that a judgment in one and not in the other proceeding may be pleaded in bar of an action upon the original cause of action. The analogies are so close that the decisions under one of the proceedings may be adopted as authority in the other.

There is a contrariety in the holdings by the different courts, but this court and the supreme courts of some of the other States have held that a judgment against a garnishee, so long as it remains in force, at least, whether paid or not, is a bar to an action against him by the attachment defendant, his creditor, upon the original cause of action. *Covert* v. *Nelson,* 8 Blackf. 265; *Shetler* v. *Thomas,* 16 Ind. 223; *King* v. *Vance,* 46 Ind. 246; *Canaday* v. *Detrick,* 63 Ind. 485; *Elston* v. *Gillis,* 69 Ind. 128; see Drake Attachment (6th ed.), section 708; *McAllister* v. *Brooks,* 22 Maine, 80 (38 Am. Dec. 282); *Hull* v. *Blake,* 13 Mass. 153; *Coburn* v. *Currens,* 1 Bush (Ky.), 242; *Perkins* v. *Parker,* 1 Mass. 117; *McDaniel* v. *Hughes,* 3 East, 366.

*Second.* May Thomas J. Bostwick, the principal maker of the note, plead the judgment against him in the supplementary proceeding as a defence to the action upon the note by the appellee, as the assignee of Anna S. Bloomer, the payee? As we have seen, the note is not payable at a bank, and hence, under our statute, section 276, R. S. 1881, the action by the assignee is without prejudice to any set-off or other defence existing at the time, or before notice, of the assignment. The judgment against Thomas J. Bostwick, in the supplementary proceedings, was rendered before he had notice of the assignment, and hence he may use that judgment as a partial defence to the action upon the note the same as if it had been rendered before the assignment was made. *Cooke* v. *Ross,* 22 Ind. 157. See, also, Riddle & Bullard, Sup. Proc., p. 310.

Here, again, the rule applicable in proceedings in garnishment may be applied. In such proceedings it has been held

that the rule applicable as against the attachment defendant is applicable to his assignee, without notice to the garnishee before judgment against him. *King* v. *Vance, supra; Canaday* v. *Detrick, supra; Covert* v. *Nelson, supra; Elston* v. *Gillis, supra; Daggett* v. *Flanagan,* 78 Ind. 253; *McAllister* v. *Brooks, supra; Hull* v. *Blake, supra; Coburn* v. *Currens,* 1 Bush (Ky.) 242.

*Third.* We come now to the most difficult and perplexing question in the case, and that is: Can Samuel F. Bostwick and Benjamin F. Stephens, as sureties for Thomas J. Bostwick, avail themselves of the judgment against him in the supplementary proceeding as a defence to this action upon the note?

It is a general rule that whatever defence a principal may make, going to the merits of the controversy, his sureties may also make. Brandt Suretyship and Guar., section 121; *Baker* v. *Merriam,* 97 Ind. 539 (545), and cases there cited.

Very clearly, if Thomas J. Bostwick had paid the judgment against him in the supplementary proceeding, the sureties might avail themselves of the payment as a defence, *pro tanto,* against this action upon the note. When a payment is made by the principal, whether direct to the payee or holder of the obligation, or to other persons, under proper legal authority, the payment operates, *pro tanto,* as an extinguishment of the debt, and to that extent releases the sureties. *Noble* v. *Thompson Oil Co.,* 69 Pa. St. 409 (415); Drake Attachment (6th ed.), section 710*a.*

A judgment in a supplementary proceeding, or in a proceeding in garnishment, against the principal maker of the note, while it remains in force and unpaid, operates as a merger of the cause of action as to him upon the note. Mr. Drake, in his work on Attachment, at section 452, says that a garnishment is in effect a suit by the defendant in the name of the attaching creditor against the garnishee, the aim of which is to appropriate to the satisfaction of the plaintiff's

claim against the defendant a debt, etc., due from the garnishee to the defendant.

In the case of *Strong* v. *Smith*, 1 Metcalf, 476, the Supreme Court of Massachusetts said: "The trustee process operates as a species of compulsory statute assignment, by which a creditor may obtain that by operation of law, which his debtor might voluntarily assign to him in payment of his debt."

In Waples on Attachment and Garnishment, on page 521, it is said that the reason why a judgment against the garnishee may be pleaded by him, and the reason why it will protect him against a suit brought by his immediate creditor, is that garnishment operates as an assignment to the attaching creditor.

In Herman on Estoppel and Res Judicata, at section 313, in speaking of the force and effect of a judgment against a garnishee, it is said : " He (the garnishee) has no choice but to pay in obedience to the judgment of the court to whose jurisdiction he has been subjected; the exercise of that jurisdiction effects a confiscation of the debt due by the garnishee to the defendant, for the plaintiff's benefit."

In the case of *Coburn* v. *Currens, supra,* it was said that a judgment against a garnishee transfers his liability from his immediate creditor to the attaching creditor.

In the case of *Sessions* v. *Stevens*, 1 Fla. 233, 240, it was said: "A judgment against a garnishee, *prima facie*, is a bar to a subsequent recovery of the same note in the hands of any one. The law in such cases constitutes the execution creditor an assignee of the note from the time of the service of the notice of garnishment, and entitles him to judgment as if the note had been regularly assigned to him by act of the party, otherwise there would be the strange and extraordinary anomaly of a tribunal of justice committing an act of injustice, by compelling a party to pay twice on the same engagement. * * * By it (the judgment against the garnishee), the note, in legal contemplation, becomes ex-

tinguished, loses its identity and character, and ceases to be the subject of future action."

In the case of *Campbell* v. *Nesbitt,* 7 Neb. 300, in speaking of the effect of a judgment against the garnishee, it was said that by the attachment there was, in legal effect, a seizure of the note and mortgage belonging to the payee to the extent due from him to the attaching creditor, and that, in law, this seizure is regarded as an assignment of so much of the note and mortgage debt to the attaching creditor, and gives to him the same right to enforce the payment of the money by the garnishee that the payee previously had. The agreement of the sureties is to pay to the payee or owner of the note the amount thereof, and if, as held in the foregoing authorities, the judgment against the garnishee, or the debtor of the judgment debtor, in a supplementary proceeding, operates as a seizure and transfer *pro tanto* of the debt from the payee to the plaintiff in the supplementary or attachment proceedings, as it doubtless does in a sense, it would seem to follow that upon such transfer the sureties of the principal debtor, against whom such judgment is taken, will not be liable to the payee or owner for the amount of the debt thus transferred.

When the liability of the principal upon the note ceases, that of the sureties. must also cease, else we shall have a case of the principal liable to one person and the sureties liable to another upon the same obligation. For such a liability the sureties did not contract. They can not be held beyond the terms of their engagement. *City of Lafayette* v. *James,* 92 Ind. 240 (47 Am. R. 140); *Starret* v. *Burkhalter,* 86 Ind. 439; *Weed Sewing Machine Co.* v. *Winchel,* 107 Ind. 260; *Markland Mining, etc., Co.* v. *Kimmel,* 87 Ind. 560; *Post* v. *Losey,* 111 Ind. 74; *Weir Plow Works* v. *Walmsley,* 110 Ind. 242.

That the sureties are not liable in this case to the plaintiff in the supplementary proceeding was his mistake in not bringing them into court. To hold them liable upon the

note for the full amount of it might result in a double pay-
ment to the payee of the note to the amount of the judg-
ment against the principal in the supplementary proceeding,
once by the principal, in the payment of the judgment, which,
being in payment of a debt of the payee, would be the same
as a payment to him, and again by the sureties paying the
full amount of the note.

Whether or not the payee of the note, by paying to his
creditor, the plaintiff in the supplementary proceeding, the
amount in that proceeding adjudged against his debtor, could
then recover against him and his sureties upon the original
cause of action, is a question which we do not here decide.

It is contended by counsel for appellee that the paragraph
of answer under consideration is insufficient, because Thomas
J. Bostwick, in answering in the supplementary proceeding
as to his indebtedness to Anna S. Bloomer, did not properly
describe the note, and that it can not now be shown that the
order or judgment against him was for the indebtedness evi-
denced by the note in suit here. In this counsel are mis-
taken.

In Drake on Attachment, at section 716, the author says:
"As it is an invariable rule that the garnishee shall not be
required to pay his debt twice, there can be no doubt that he
may by parol proof identify the debt for which he was charged
with that on which he is sued."

It is averred in the answer that Thomas J. Bostwick, not
having the note, by mistake misstated the date of it, and
stated a different rate of interest from that stipulated in the
note, but that the rate stated was that agreed upon subsequent
to the execution of the note. It is further averred that the
note upon which the judgment in that proceeding was ren-
dered against him is the note in suit here. This appellants,
as the defendants, had a right to allege and prove.

It is further contended by counsel for appellee that a judge
of the circuit court can not in vacation make such an order
or judgment as that against Thomas J. Bostwick set up in the

answer, and that this court must take judicial notice that the order or judgment, having been made on the 18th day of July, was made by the judge in vacation.

In answer to this it is sufficient to say that this court has no means of knowing that the order or judgment was made in vacation. The statute provides that the circuit court of Elkhart county shall convene for the spring or summer term on the fourth Monday after the sitting of the court in Lagrange county, on the fourth Monday of April, and shall continue in session for six weeks, and so much longer as may be necessary. Acts of 1885, p. 95.

If it were necessary that the court should have been in open session when the order or judgment was made in July, this court would indulge the presumption that all things were regularly done, and hence that the court was in session. It must not be understood that we either decide or intimate that the judge can not make such orders in vacation.

Without further extending this opinion upon this branch of the case, our judgment is that the second paragraph of the answer was sufficient to withstand the demurrer. The court below, therefore, erred in sustaining the demurrer.

That part of the second paragraph of the answer which is material here is as follows : "And these defendants aver that said note was transferred and assigned to the plaintiff herein without consideration, and solely for the purpose of suing and collecting the same for the benefit and use of said Anna S. Bloomer, who is the real owner thereof."

The statute provides that every action must be prosecuted in the name of the real party in interest. R. S. 1881, section 251.

The answer shows clearly that Anna S. Bloomer is the owner of the note and the real party in interest. The plain provisions of the statute can not be avoided. The plea must be held good. *Sinker* v. *Floyd*, 104 Ind. 291 ; *Lawrence* v. *Long*, 18 Ind. 301; *Board, etc.*, v. *Jameson*, 86 Ind. 154;

*Smock* v. *Brush,* 62 Ind. 156; *Claflin* v. *Dawson,* 58 Ind. 408; *Mendenhall* v. *Baylies,* 47 Ind. 575.

The answer here is different from that in the case of *Hardin* v. *Helton,* 50 Ind. 319.   In that case it was not averred in the answer, as here, that the action was being prosecuted for the use and benefit of the payee, and that the payee was the owner of the note.

It is said by counsel for appellee that the answer under consideration is a plea in· abatement, and is bad because not verified.   The answer is not a plea in abatement, but a plea in bar of the action, and hence need not be verified.   *State, ex rel.,* v. *Ruhlman,* 111 Ind. 17.

For the error of the court in sustaining a demurrer to the first and second paragraphs of the answer the judgment is reversed, with costs, and the cause is remanded, with instructions to the court below to overrule the demurrer.

